To a suit on an injunction bond a plea that the Court granting the injunction had no jurisdiction, is invalid. It is the act of the defendant to obtain the injunction, give the bond, and delay the collection of the judgment, and though the bond may not be good as a statutory bond, it is valid as a common law obligation, and binding as such.

# Hanna, &c. *vs* McKenzie.

## ERROR TO THE HICKMAN CIRCUIT.

*Pleas and pleading. Injunction bond. Practice.*

JUDGE BRECK delivered the opinion of the Court.

THIS was an action of debt brought by McKenzie upon an injunction bond against Hanna, Irvin, and Ramy, now plaintiffs in error.

The defendants filed two pleas, to which the plaintiff demurred. The demurrers being sustained, judgment was rendered against the defendants for $563 88; for the reversal of which they prosecute this writ of error.

Whether the demurrers were properly sustained presents the main question for consideration.

The first plea is in substance, that before the execution of the bond sued on, Hanna and Irvin, two of the defendants, exhibited their bill in the Hickman Circuit Court, and obtained an order for an injunction, restraining further proceedings upon a judgment and execution thereon, which judgment had been obtained by the plaintiff against the said Hanna, &c., in and before the General Court of Kentucky, a tribunal of jurisdiction, separate and distinct from that of the Hickman Circuit Court, and that as a condition precedent to the emanation of said injunction, a bond with condition, prescribed in the order, was required to be executed, and that in compliance with said condition, and for no other or different object or consideration, was the writing sued on executed by the defendants; and they aver that the Hickman Circuit Court had no jurisdiction or authority to entertain the bill, grant the order for an injunction, or to require the execution of said bond, and that the entire proceedings were void.

The demurrer to the plea renders it necessary to look into the declaration, which it is contended, is insufficient.

Profert of a duly certified copy of the bond sued on, is made in the declaration, with an averment that the original is upon file amongst the records of the Hickman Circuit Court, in the case of Hanna, Irvin & Co. against McKenzie.   The bond is in the penalty of $1,200, and the condition thereof set out in the declaration *in haec verba,* is substantially as follows:

That whereas the above bound Charles Hanna and Charles Irvin, hath obtained from Lewis Scarce and W. S. Jordan, two of the Commonwealth's Justices of the Peace for Hickman county, appointed by the County Court of said county to grant injunctions, &c., an injunction and restraining order enjoining and restraining said McKenzie from all further proceedings upon a judgment and execution thereon, in favor of said McKenzie and against said Hanna and Irvin, for the sum of $558 17, besides interest and costs, until the further order of this Court.   Now if said Hanna & Irvin shall satisfy and pay the judgment aforesaid, and all such costs and damages as shall be awarded against them in case said injunction be dissolved, discharged, or dismissed, or otherwise set aside, then the above obligation to be void, otherwise to remain in full, &c.

The plaintiff then avers that at the April term of the Hickman Circuit Court, in the year 1840, upon the motion of the plaintiff, the said injunction was discharged in due form of law, by said Court, and that costs were awarded him against said Hanna & Irvin.

It is not recited in the bond in what Court the judgment enjoined was obtained, nor is it alledged in the declaration, and it is insisted that the bond and declaration are, in that respect, defective and insufficient.   The position, we think, cannot be sustained.   The judgment is described with sufficient accuracy in the bond, by the names of the parties and the amount.   The defendants are estopped to deny that there was a judgment of that description.   It was not essential to recite in the bond, when and where the judgment was obtained, nor was it necessary to travel out of the bond to make such an averment.   It was only necessary to aver in the declaration, that the injunction had been duly discharged and

that the judgment recited in the bond and enjoined, had not been paid. This is done in the declaration, and regarding it in other respects as well as this as good and sufficient, we now return to the defendant's plea.

The plea alledges that the bill of Hanna, &c., was exhibited in the Hickman Circuit Court, and an order for an injunction obtained. It is not expressly stated that the order was granted by the Hickman Circuit Court, but even if it did and it were important, the recitals in the bond estop the defendants from denying that the order was granted by two Justices of the Peace for Hickman county, appointed, &c.

The plea further alledges that the judgment enjoined was obtained in the General Court of Kentucky, and that fact not being inconsistent with the recitals in the bond nor with the averments in the declaration, is admitted by the demurrer. By not traversing the averments in the declaration, the plea admits that the injunction had been duly discharged, and that the judgment enjoined remained unpaid.

The question then arises whether the bond, executed preparatory to, and as alledged as a condition, precedent to obtaining the injunction from the Hickman Circuit Court, is void from the fact that *that* Court was not authorized to enjoin a judgment in the General Court. Although it is conceded that the Circuit Court was not authorized to enjoin the judgment of the General Court, yet it possessed general chancery jurisdiction, and with authority to grant injunctions, and an injunction awarded by it, even of a judgment in the General Court, carried with it colorable authority. Whether the defendants rendered the injunction, thus procured by them, available to delay and embarrass the plaintiff in the collection of his judgment, does not appear. But in the absence of all proof to the contrary, the presumption may be indulged, that it had that effect, and was so intended. But they obtained it with their eyes open and without any agency, or fault, or fraud on the part of the plaintiff. They executed the bond without constraint, freely, voluntarily, and so far as appears, without any mistake or misapprehension as to the legal efficacy of the injunction, which they thereby

obtained. As said by this Court in *Stevenson* vs *Miller*, (2 *Littell*, 310,) "we know of no statute, and are aware of no principle of the common law, which declares such a bond void." We think it would be unjust and iniquitous that it should be so held and treated. But in the case of *Hoy* vs *Rogers*, (4 *Monroe*, 225,) a case strikingly analagous to this, this Court held the bond to be valid. Although the bond in this case may not be strictly binding as a statutory injunction bond, yet we are clearly of opinion it is good as a common law bond.

The second plea was a plea of *nil debit*. The doctrine is well settled, that it was an insufficient plea in this case, and the demurrer to it was properly sustained.

*Nehil debit* is not a good plea to an action of debt on an injunction bond.

Upon the demurrer being sustained, the case was submitted, by consent, to the Judge, to try the matters of law and fact in regard to the damages.

There is no bill of exceptions showing the testimony upon which the damages were ascertained. There is nothing in the record showing that the judgment in regard to the damages is for too much.

As the defendant, Hanna, appeared and plead, and made no objection to going into the trial, the objection that the process was not served on him ten days before the commencement of the term, is not available.

Where defendant appears and goes to trial without asking a continuance, it is a waiver of the objection that the service of process was not ten days before Court.

From the view we have taken, the motion in arrest of judgment was also properly overruled.

Wherefore, the judgment is affirmed.

*Cates & Lindsey* for plaintiffs: *Combs* for defendants.