Franke v. Alexander.

ANTON FRANKE et al., Appellants, v. JOHN ALEX-
ANDER et al., Respondents.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Injunction, Temporary:** DISSOLUTION THEREOF: ASSESS-
MENT OF DAMAGES AGAINST PRINCIPAL AND SURETY.
Writ of temporary injunction issued on hearing, dissolved, damages
assessed against principal and surety, from which judgment an ap-
peal was prosecuted, and a reversal sought on the ground that the
file marks on the petition were subsequent to the date of the tem-
porary writ. *Held*, that appellants, who caused the injunction to
issue, could not take advantage of the writ on the ground that it
was prematurely granted, as it was the duty of respondents to
obey the command of the writ.

2. ———: ———: ———: FILE MARKS ON PETITION: PRIMA
FACIE EVIDENCE, ONLY, THEREOF. The file marks on peti-
tion were only, prima facie evidence of when it was lodged in the
office of the clerk of the court, and was controvertible by parol evi-
dence, and as there was nothing in the record to show but that
evidence was introduced to controvert the date of filing the peti-
tion, it will be presumed that the petition was properly filed, and
the writ regularly issued.

Appeal from Newton Circuit Court.—*Hon. H. C. Pepper,*
Judge.

AFFIRMED.

*Cloud & Davis* for appellants.

(1) The temporary injunction issued in vacation was void,
the plaintiffs not having filed in the office of the clerk of the
circuit court having jurisdiction of the suit, their petition set-

ting forth their cause of action. R. S. 1899, sec. 3629; Powers v. Wright, 39 Mo. App. 205; 12 Ency. Plead. and Prac., p. 120, sec. 2. It was evidently the purpose and object of the amendment to section 2702, Revised Statutes 1879 (now section 3629, Revised Statutes 1899), to make the filing of the petition setting forth plaintiff's cause of action a condition precedent to the issuing of the writ, the remedy of injunction being ancillary and in aid of a pending suit.

*Horace Ruark* for respondents.

(1) It is doubtful if this question is before the court upon the record proper. The file mark of the clerk upon the petition is prima facie evidence only of the true date of the filing. The file mark of the clerk may be wrong; it may be an impossible date or it may be omitted. In all cases parol evidence is admissible to show the true date of the filing of the petition—that is, the date of its actual delivery to the clerk. Grubbs v. Cones, 57 Mo. 83; Bensley v. Haeberle, 20 Mo. App. 648. (2) In the absence of a bill of exceptions and of any evidence, this court is bound to presume that the lower court acted within its jurisdiction and at the time of granting the temporary injunction, as well as at the trial of the cause assessing damages upon the bond, the court had before it evidence, and found as a fact, that the petition was actually filed before the restraining order was issued. Vaughn v. Railroad, 34 Mo. App. 140; Guinn v. Boas, 31 Mo. App. 131. (3) Sureties, as well as principals in an injunction bond, are estopped to deny the jurisdiction of the court granting the injunction, or that such a suit was pending as is described in the bond. 2 High on Injunctions, secs. 1637-1652; 16 Ency. of Law (2 Ed.), 452 and 458; 10 Ency. of Pleading and Practice, p. 1120; Stevenson v. Miller, 13 Am. Dec. 271.

GOODE, J.—Anton Franke and Willis Dehoney sued out a temporary writ of injunction on the twentieth day of July, 1898, against Thomas Osborn, W. A. Dearinger, John Alexander and J. H. Kistler. The writ was issued by Hon. J. C. Lamson, judge of the circuit court of Newton county, on the said day in vacation. Afterwards when the case came on to be heard, the temporary restraining order was dissolved and damages in the sum of $50 assessed against said Franke and Dehoney and Frederick Menshke, a surety. From this order the appeal was taken. No bill of exceptions was filed and the case stands here on the record proper.

It is contended by the appellants that the restraining order was issued before the petition of the plaintiffs therefor was filed in the office of the clerk of the circuit court as required by the statutes. R. S. 1899, sec. 3629. For proof of this, they rely on the file mark of the circuit clerk and the date affixed to the temporary restraining order. The latter purports to have been issued on the said twentieth day of July, while the file mark of the clerk shows that the petition was filed in his office on the succeeding day, to-wit, July 21, and with it the bond.

On the face of the papers it is claimed, therefore, that the circuit judge had no power to issue the temporary writ, that it was a nullity, that the defendants were not injured thereby and, therefore, there has been no breach of the conditions of the bond.

This view can not be adopted, for several reasons. All reasonable intendments are indulged as to the correctness and propriety of a court's actions. When a party claims they were erroneous, it devolves on him to show clearly they were. The clerk's file mark is only prima facie evidence of when the petition was in fact lodged in his office, and parol evidence is permissible to contradict it, to show that it was a mistake—that

the document was actually filed on some other date.   Grubbs v. Comes, 57 Mo. 83; Bensley v. Haeberle, 20 Mo. App. 648.

In the absence of any bill of exceptions, how are we to know there was not evidence introduced which showed conclusively that the petition was filed prior to the issuance of the injunction? It is doubtful if the file mark is part of the record proper or can be considered, unless included in a bill purporting to contain the evidence and completing the record.

But the appellants can not take advantage of the circumstance that the writ was prematurely granted, if that was done. They availed themselves of it to restrain the respondents and subject them to annoyance and injury. The respondents were under no obligation to visit the clerk's office to ascertain whether a petition had been filed in advance of the issuance of the writ, and if it had not been, defy the judge's mandate.   They had a right to presume the statutory procedure had been followed and showed commendable respect for the office and order of the judge of the circuit court when they observed his command without further inquiry.   If there was any irregularity, the appellants were guilty of it and not the respondents, and the latter can not be prejudiced by what their adversaries did. Neither the appellants nor their surety, Menshke, can take advantage of the prematurity of the writ.   2 High on Injunctions, secs. 1637 and 1652; Hanna v. McKenzie, 5 B. Mon. 314; Walton v. Deviling, 61 Ill. 201; Cumberland Co. v. Hoffman Co., 39 Barber, 16; Stephenson v. Miller, 2 Littell, 306.

The judgment is affirmed.    All concur.