CASE 94.—ACTION BY WILLIAM L. ALEXANDER AGAINST R. A. GARDNER AND OTHERS ON AN INJUNCTION BOND.—December 8.

# Alexander v. Gardner, &c.

'Appeal from Magoffin Circuit Court.

D. W. GARDNER, Circuit Judge.

From the judgment plaintiff appeals—Reversed.

1. Injunction—Bond—Liability.—Under Civ. Code Prac. section 278, providing that an officer granting an injunction shall fix the amount and the terms of the bond to be given, or otherwise the bond shall obligate the party to pay the damages sustained, a bond executed by a party obtaining a temporary restraining order from the clerk, who did not fix the amount of the bond, conditioned on the obligors paying to the. adverse party the damages, "not exceeding——— dollars," sustained by reason of the injunction, if wrongfully granted, imposes a liability to indemnify the adverse party to the extent of the damage sustained by the wrongful issuance of the order; the quoted words being surplusage.

2. · Pleading — Amendments — Refusal to Permit. — It is error to refuse to allow an amended petition containing matter germane to the cause of action set out in the original petition, offered by plaintiff before the filing of the answer.

D. D. SUBLETT for appellant.

BYRD & HOWARD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Wm. L. Alexander, brought suit in the court below against the appellees, R. A. Gardner, H. G. Gardner, and·John H. Gardner, upon the following injunction bond: "Magoffin Circuit Court. October· 17th, 1903.  A. A. & H. G. Gardner, Plaintiffs v. Wm. Alexander, Defendant.  Bond.  We undertake that the plaintiffs, R. A. Gardner and H. G. Gardner, will pay to· the defendant, William Aleander, the ·damages, not exceeding —— dollars, which he may sustain by reason of the injunction in this case, if it is finally decided that said injunction ought not to have been granted.  This 17th day of October, 1907.  H. G. Gardner, John H. Gardner.  A copy, Attest: W. S. Adams, C. M. C. C., by A. H. Adams, D. C."—the purpose of the action being to recover damages for the wrongful obtention of the injunction, which was in fact but a mere temporary restraining order granted by· the clerk of the Magoffin circuit court, it being alleged in the petition that the appellant was prevented by the temporary restraining order from using a certain tramway, situated upon land that he had leased of the appellees, for transporting timber, saw logs, and staves intended for use at his sawmills.  Upon the hearing before the circuit judge the temporary

restraining order was discharged or dismissed, and no further injunction granted. Upon the trial in the court below but two instructions were given by the court for the guidance of the jury, the first of which was predicated upon the cause of action set forth in the petition. The second instruction was as follows: "If your verdict be for the plaintiff, it cannot exceed $2, the maximum limit of the bond sued on." The jury thereupon returned a verdict in the appellant's favor for the sum of $2, and judgment was entered in conformity with the verdict. The appellant was refused a new trial, and he has appealed.

The single ground urged for a reversal is that the court erred in giving instruction 2, quoted above. Section 278, Civ. Code Prac., after prescribing the course to be pursued by the party desiring to obtain an injunction or, restraining order, in subsection 3 provides: "In all other cases the court or judge or officer granting the injunction shall, in the order granting it, fix the amount of bond to be given and may prescribe its terms. If the terms of the bond be not prescribed it shall be to the effect, that the party giving it, will pay to the party enjoined, such damages as he may sustain if it be finally decided, that the injunction ought not to have been granted." The order made by the clerk in granting the temporary restraining order did not prescribe the terms of the bond or name the amount for which it was to be given. Therefore it was sufficient that the bond should provide that the obligors should pay to the appellant such damages as he might sustain in the event it should be finally decided that the restraining order should not have been granted, and the bond as executed in meaning and effect so provides. In view of the foregoing provision of the Code, the

failure of the clerk to fix the amount of the bond did not destroy its obligatory force, or relieve the obligors of responsibility thereon, and the expression "not exceeding ———— dollars," appearing in the bond, is mere surplusage and meaningless.

No case has been cited by counsel on either side bearing directly upon the question here involved, but it was said by the superior court, in the case of Cummins v. Miller, 7 Ky. Law Rep. 670: "It is not necessary that the order of court granting an injunction, or the bond, should name the amount for which the makers shall be liable. If the limit is not established by either the order or bond, the liability of the obligors is coextensive with the damages the defendants may sustain by reason of the writ." Hanna v. McKenzie, 5 B. Mon. 314, 43 Am. Dec. 122; Stevenson v. Miller, 2 Litt. 306, 13 Am. Dec. 271; Hardin v. Barbour, 6 T. B. Mon. 396. In High on Injunction, section 1622, it is said: "So, although the condition of the bond is less extensive than as required by the statute, yet if it contains a material part of the conditions required, it will be held obligatory to the extent of such conditions."

We are of opinion that the bond in question imposed a liability upon the appellees to indemnify appellant to the extent of the damage he sustained by reason of the issual of the temporary restraining order by the clerk.

We are also of opinion that the court erred in refusing to allow to be filed the amended petition, offered by appellant before the filing of appellees' answer. The matter it contained was germane to the cause of action set out in the original petition.

For the reasons indicated, judgment is reversed,

and cause remanded for a new trial consistent with the opinion.