## SPRINKLE v. DAVIS.
### No. 4453.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1939.

M. F. Trader, of Lynchburg, Va., and S. S. Lambeth, Jr., of Bedford, Va., for appellant.

Philip H. Hickson, of Lynchburg, Va. (Landon, Lowry and William W. Berry, Jr., both of Bedford, 'Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Mose E. Davis, plaintiff in the District Court, lost a leg as the result of an accident on July 2, 1937, on a public highway between the cities of Lynchburg and Roanoke, when he was struck by an automobile driven by Ralph Elliott Sprinkle, the defendant. In the action for negligence which followed, the jury rendered a verdict for $10,000 in the plaintiff's favor, and the defendant brings this appeal complaining of certain rulings of the court of which the principal was the refusal of the court to direct a verdict for the defendant on the ground that the plaintiff had contributed to the accident by his own neglect.

The road between Lynchburg and Roanoke is a much traveled highway. At the point of the accident it is 20 feet wide with a soft shoulder on each side 6.7 feet in width. Davis was one of a gang of men who had been working on the road during the day. At 4 o'clock in the afternoon they ceased work and drove two open dump trucks to the scene of the accident and parked them one behind the other, north of the macadam surface, facing west on the shoulder of the road. They stopped to gather up tools that had been left at this point. Davis, desiring to get his dinner pail that he had left on the south side of the road opposite the cab of the second truck, alighted therefrom on the north side of the road upon the shoulder, went around the rear end of the truck, and walked slowly across the road diagonally in a general southwesterly direction. Before leaving the shoulder, he looked to his left, that is, eastwardly in the direction of Lynchburg, and although he had an unobstructed view of the road for a distance variously estimated from 465 to 800 feet, he saw no car approaching. When he reached a point in the road a step from the south side, he was hit by the right front fender and headlight of the defendant's car coming from the east. The speed of the car was estimated at 55 to 65 miles an hour as it approached the trucks and workmen on the side of the road. The car made skidmarks on the surface 110 to 130 feet in length, beginning a few feet from the north side of the macadam surface and running diagonally to the soft shoulder on the south side of the road where the car stopped with its left wheels on the shoulder 55 to 65 feet beyond the point where it hit the plaintiff. The horn of the car was not blown before the accident, and the plaintiff did not observe the approach of the car until an instant before he was hit.

■ This account of the accident was denied in a number of important particulars

by the defendant, but for the purposes of the point under discussion, we must of course accept the plaintiff's version. Even so, the defendant vigorously contends that the physical facts demonstrate contributory negligence on the part of the plaintiff. It is said that the unobstructed view and the noise of the approaching car would necessarily have warned the plaintiff if he had used ordinary precautions; and the place of the collision on the south side of the road indicates beyond a reasonable doubt that the motorist swerved to his left to avoid the man suddenly emerging from between the two trucks rather than a deliberate intent to cross to the wrong side of the road in order to hit him.

Undoubtedly there is substantial ground for this view of the case; but we agree with the District Judge that it was a question for the jury to determine under proper instructions. The jury might have found under the plaintiff's evidence that the car was moving at a reckless rate of speed as it approached the men and the trucks beside the road, and that moving at a speed of 88 feet per second it could have traveled several hundred feet while a man at the end of a day's work was walking across the road, and that in a belated attempt to avoid the accident, the car skidded across the highway and struck the plaintiff before it could be stopped. The judge correctly and fairly stated the rule of law that if the plaintiff was guilty of negligence on his part that contributed to the accident, he could not recover, and placed special emphasis upon the duty of a person about to enter a highway to take into consideration the continually passing automobile traffic and to take reasonable precautions to protect himself from injury, including observation along the highway to see if automobiles are approaching, and not to venture upon the highway if any danger is reasonably to be apprehended. We find no error in this respect.

But we are of opinion that the defendant was prejudiced by the refusal of the court, when requested to instruct the jury that under section 2154(126) (d) of the Virginia Code pedestrians are required to cross highways at right angles, and are forbidden to cross them diagonally. Section 2154(126) (d) provides: "Pedestrians shall cross only at right angles, and shall not cross highways diagonally; nor, except to board a street car, or to enter a safety zone at right angles, shall they step

into that portion of the highway open to moving traffic, at any point between intersections where their presence would be obscured from the vision of approaching drivers by a vehicle or other obstruction at the curb or side."

Under the decisions in Virginia, this section applies to highways in rural sections as well as to city streets, and a violation of the statute is negligence per se. Hutcheson v. Misenheimer, 169 Va. 511, 194 S.E. 665; Morris v. Dame's Ex'r, 161 Va. 545, 171 S. E. 662; South Hill Motor Co. v. Gordon, Va., 200 S.E. 637. Consequently a correct instruction would have told the jury that the plaintiff's conduct in crossing the road diagonally, in violation of the statute, was negligence on his part, and that if they should find that this negligence contributed to the accident, the plaintiff was not entitled to recover.

The defendant did not request an instruction in this form, but did request the court to grant an instruction that in crossing the road, the plaintiff was under a legal requirement which was framed in the words of the statute. The judge refused to give this instruction and made no reference to the positive duty imposed by the statute, but confined his instruction on this point to the following language: "In considering the performance of these duties by the respective parties, you are entitled to consider the speed at which an automobile was driven under the circumstances in this case, the fact of whether or not any warning was given, to consider whether or not the plaintiff Davis did cross the road without looking or not or whether in crossing the road diagonally he was showing a lack of ordinary care and prudence, and whether even if crossing the road diagonally showed a lack of ordinary care, such act was a proximate cause of his injury; and all other facts and circumstances of a similar nature which have been developed by the evidence."

This instruction was of course correct insofar as it went, but it was in error in that it left the jury to infer that the diagonal crossing of the road might or might not constitute negligence, depending upon the use of ordinary care, whereas a crossing in violation of the statute was itself negligence under the Virginia decisions, and the only question remaining on that aspect of the case was whether such negligence contributed proximately to the plaintiff's injury.

490

It is contended that the error should not be noticed by us since no sufficient exception was taken to the ruling of the court. Exception was duly taken to the refusal to charge the jury as to the statutory duty imposed upon a pedestrian in crossing a road, and thereupon the court modified the charge so as to include the language hereinbefore quoted, omitting any reference to the statute. The defendant failed to enter another exception to the modified charge; but we think that under the circumstances of this case it was unnecessary for him to do so in order to save the point. It is manifest that the objection of the defendant to the charge, as originally prepared, and the instruction requested of the court were sufficient to direct the mind of the court to the legal principle, and to require that a correct instruction be given with regard thereto. Audubon Bldg. Co. v. F. M. Andrews & Co., 5 Cir., 187 F. 254; Rothe v. Pennsylvania Co., 6 Cir., 195 F. 21, 25; Westchester Fire Ins. Co. v. Fitzpatrick, 3 Cir., 2 F.2d 651, 654; Virginian Ry. Co. v. Bell, 115 Va. 429, 79 S.E. 396, 399, Ann. Cas.1915A, 804; 64 C.J. 918. The judge made it clear in his opinion, filed on motion for new trial, that he was not misled as to the nature of the requested instruction or by the failure of the defendant to take additional exceptions. He was of the opinion that the mere fact that a pedestrian in a rural section crosses from one side of the highway to the other in a diagonal direction does not convict him of negligence, but that it is merely a fact to be considered with all other facts in the case in determining whether or not he has exercised ordinary care for his safety.

We cannot say that the error was harmless. There was a marked conflict in the evidence. The plaintiff on his side contended that he crossed the road after looking to his left, and saw no vehicle approaching for a distance of several hundred feet, while the defendant contended that the plaintiff suddenly emerged between the two trucks and came upon the paved surface of the road so unexpectedly, that it was impossible to avoid the injury. The jury may have thought that if the plaintiff had crossed the highway at right angles, he would have had a better view of the road and would have seen the approaching car in time to have gotten out of the way. In such event, the negligent crossing of the road in the diagonal direction would have contributed to the injury. It follows that the judgment appealed from must be reversed and the case remanded for a new trial.

Reversed and remanded.