## SPRINKLE v. DAVIS.
### No. 4609.

Circuit Court of Appeals, Fourth Circuit.
May 4, 1940.

M. F. Trader, of Lynchburg, Va., and S. S. Lambeth, Jr., of Bedford, Va., for appellant.

Philip H. Hickson, of Lynchburg, Va. (Lowry and Radford, of Bedford, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

In our decision upon the former appeal in this case, 104 F.2d 487, we discussed in the main two questions, that is, whether the evidence of contributory negligence on the part of the plaintiff was so compelling as to require a directed verdict in favor of the defendant, and whether it was error on the part of the court not to instruct the jury that under the Virginia statute a pedestrian who crosses a public highway diagonally is guilty of negligence. Code 1936, § 2154 (126)(d). We decided that the question of contributory negligence was properly submitted to the jury, but reversed the judgment on the second point and remanded the case for a new trial. At this trial the jury also found for the plaintiff and assessed the damages at $8,000.

The accident, as appears from the former opinion, occurred when the plaintiff, a workman in the employ of the State Highway Department of Virginia, was struck by a passing automobile as he attempted upon the conclusion of his day's work to cross to the south side of a public road from two State trucks that had been used by him and a number of other workmen during the day and were then parked on the north shoulder of the road. The defendant on this appeal again contends for a directed verdict on the ground that there was no evidence of negligence on his part, and that in any event, there was clear proof of negligence on the part of the plaintiff. In effect this is the same argument that was advanced on the first appeal, and as the changes in the evidence do not materially affect the questions involved, a like decision thereon must be rendered. An inference of excessive speed on the part of the defendant may be drawn from the testimony, because he was coming from the east as he approached the trucks and the workmen standing beside them, and the plaintiff, before venturing upon the road, said he looked eastwardly to his left a clear distance of approximately five hundred feet, and saw no car approaching, but was hit before he reached the south side of the road, crossing in a diagonal direction. Again, although the diagonal crossing was some evidence of neglect on his part, there is sufficient doubt whether this action contributed to the accident to make the questions of contributory negligence and of last clear chance ones for the decision of the jury.

In this connection a contention that the judge erroneously refused to grant

an instruction on concurrent negligence should be considered. The defendant requested an instruction that it was the duty of both parties to use reasonable care to keep a lookout upon the highway so as to avoid a collision, and that if the jury should believe from the evidence that both of them were, or in the exercise of reasonable care should have been in plain view of each other, and had equal opportunity to prevent the accident, they were guilty of concurring negligence and the plaintiff could not recover. This request was properly refused, because it is admitted that the plaintiff did not see the car until it was too late, and the instruction contained a qualification upon the doctrine of the last clear chance which is not in accord with the Virginia decisions. The instruction prayed for would have told the jury that the plaintiff could not recover if, by the exercise of due care, he could have seen the approaching car and could have avoided the accident, even though the defendant was aware of the plaintiff's danger and had a clear opportunity to avoid the accident but failed to do so. This is not the rule in Virginia which is set out in Norfolk Southern R. Co. v. Crocker, 117 Va. 327, 331, 332, 84 S.E. 681, 683, where the court defined the doctrine of the last clear chance and quoted from Southern Ry. Co. v. Bailey, 110 Va. 833, 67 S.E. 365, 27 L.R.A.,N.S., 379. The court said:

"* * * The rule in question, which has frequently been applied to cases in which the plaintiff's negligence has continued to the very moment of the injury, is a qualification of the general rule that contributory negligence bars a recovery, and the principle is that, although the plaintiff has been negligent in exposing himself to peril, and although his negligence may have continued until the accident happened, he may nevertheless recover if the defendant, after knowing of his danger and having reason to suppose that he may not save himself, could have avoided the injury by the exercise of ordinary care, and failed to do so. This principle has been adopted by practically all the courts of last resort, both in England and in this country, and has been repeatedly indorsed by this court * * *.

"The distinction between a typical case of 'concurring negligence' and one of 'last clear chance' is pointed out by Judge Keith, after a full discussion of the authorities, in Southern Ry. Co. v. Bailey, 110 Va. 833, 67 S.E. 365, 27 L.R.A.,N.S., 379, as follows: 'If it be the duty of a person upon the track of a railway to keep a constant lookout for approaching trains (and of this there can be no question), and if it be the duty of the servants of the company in control of the train to exercise reasonable care to discover the presence of a person upon the track, and if in the exercise of such reasonable care the presence of such person would be discovered, and the person on the track is injured and there be no other fact proved, then it is apparent that the case stated would be one of mutual and concurring negligence, and there can be no recovery. The duty was equal, and each is equally guilty of its breach. If, however, it appears that those in control of a train, in the discharge of their admitted duty to keep a reasonable outlook, discover, or should have discovered, a person upon the track, and there be superadded any fact or circumstance, brought home to their knowledge, sufficient to put a reasonable man upon his guard, that the person upon the track pays no heed to his danger and will take no step to secure his own safety, then the situation changes and the negligence of the person injured becomes the remote cause or mere condition of the accident, and the negligence of the railroad company the proximate cause, and there may be a recovery.'" Norfolk So. R. Co. v. Crocker, 117 Va. 327, 331, 332, 84 S.E. 681, 683, 684.

The charge of the District Court was in accord with this view. The jury were told in substance that if they believed that the plaintiff was negligent in the manner in which he entered the highway, or crossed it, still if they believed that after his peril had become apparent to the defendant, or by the exercise of ordinary care, should have become so apparent, the defendant in the exercise of reasonable care had a clear chance to avoid injuring the plaintiff and failed to do so, then the defendant would be still liable. The judge also charged the jury that even though the defendant was negligent in the operation of the automobile, yet if the plaintiff discovered before he was struck that he was in danger, and if he had a clear chance to avoid the injury by exercising ordinary care, such as stepping out of the way of the automobile and returning to the side of the road from which he had started, and failed to exercise this opportunity, then he would be guilty of contributory negligence and could not recover. These instructions were as favorable to the defendant as the law of Virginia permits. See Virginia Ry. & P. Co. v. Wellons, 133 Va. 350, 112 S.E.

843; Perkinson v. Persons, 164 Va. 172, 176, 178 S.E. 682; Bennett v. Spencer, 167 Va. 268, 189 S.E. 169; Gregory v. Daniel, 173 Va. 442, 4 S.E.2d 786; Green v. Ruffin, 141 Va. 628, 125 S.E. 742, 127 S.E. 486; South Hill Motor Co. v. Gordon, 172 Va. 193, 200 S.E. 637.

While the rulings on substantial points in the case were correct, there are complaints as to the treatment of counsel for the defendant by the judge in a number of instances which we are obliged now to consider. Perhaps the most important witness for the plaintiff was Albert J. Akers, foreman of the State Highway gang, of which the plaintiff was a member. Akers testified that the plaintiff descended from one of the trucks on the side away from the highway, and went behind the truck in order to cross to the south side of the road. Akers said that he himself had alighted from the truck and was standing near the cab on the shoulder of the road and did not see the plaintiff start across the road, but hearing the noise of a car approaching from the east at a speed as fast as it could make, he called out and ran to the edge of the road and saw that the plaintiff had reached a point a little past the center of the road, a couple of paces from the south side of the road, and that a moment thereafter the defendant's car struck him.

Under cross examination Akers' testimony at the first trial of the case was brought to his attention and it was shown to be different in certain particulars. At the first trial he said that the plaintiff crossed the road in a diagonal direction, so that coming from behind the truck he had reached a point opposite the radiator of the truck when he was struck. The defendant relied on this diagonal crossing at the first trial in order to show that the plaintiff was negligent, in view of the Virginia statute discussed in our former opinion. At the second trial Akers testified that the plaintiff went across the road at a very slight angle and was struck when he was opposite a point three feet from the rear of the truck.

It was also brought out that at the first trial Akers said that he first saw the defendant's car not at the moment of collision but when it was rounding a curve in the road 350 to 400 feet distant from the point of collision. This difference in his testimony was brought to his attention three times by counsel for the defendant, and he was asked how he reconciled his testimony. Thereupon the judge, of his own motion, interrupted and said that no reconciliation was necessary since there was no conflict and that he would not permit counsel for the defendant to misconstrue the testimony. A short time later, the testimony of the witness on the point in the first trial was again brought to the attention of the jury and it seems probable that the jury understood it; nevertheless the mistaken charge of misconstruction of the testimony was not withdrawn.

The plaintiff testified at the second trial that he was struck by the automobile when he was crossing the road at a walk, and Akers gave corroborating testimony on this point. Under cross examination Akers was questioned as to testimony given by him at a traffic hearing which took place a few days after the accident, and in answer to the questions he said that he could not recall whether at the traffic hearing he had said that the plaintiff ran across the roadway and at another point in the cross examination he said he did not testify at the traffic hearing that the plaintiff ran across the road in a diagonal manner. The point was of considerable importance in the case because the defendant's account of the accident was that as his car drew near to the two trucks, the plaintiff ran between them into the road so suddenly that the defendant could not avoid the collision.

The defendant also testified that at the traffic hearing Akers testified that the plaintiff ran across the highway at an angle; and this account of Akers' testimony at the traffic hearing was corroborated by R. E. Jordan, another witness for the defendant. During the course of the argument in the trial below the defendant's counsel, in an endeavor to support the defendant's version of the accident, mentioned the testimony of several witnesses, including that of the witness Jordan above mentioned. Thereupon the judge interrupted and charged counsel with misstating the evidence in that Jordan's testimony did not support the testimony of the defendant. Technically the judge was correct since Jordan did not see the accident, and under the Virginia Code, §§ 6215 and 6216, prior inconsistent statements are admissible only to contradict the witnesses; but Jordan's testimony did support the defendant's theory since it tended to break down the testimony of plaintiff's main supporting witness upon the crucial point in the case by showing that a few days after the accident, the witness

had given contradictory testimony which agreed with that of the defendant.

On another occasion early in the trial during cross examination of a medical expert produced by the plaintiff, reference was made to the statement of a doctor who had previously testified for the plaintiff, and when the recital of this testimony was objected to by plaintiff's counsel, the judge observed that it was bad practice to recite to one witness what another witness has said, particularly if it is not accurately stated. The intimation of inaccuracy on the part of counsel for the defendant was unjustified since an examination of the record discloses that the summary of defendant's counsel was correct.

■ At another point in the trial a witness for the plaintiff testified at some length that he heard the noise of the defendant's car on the road as it approached and looked in time to see the plaintiff's body in the air just after it was struck. This witness at the previous trial had testified only as to the length of the truck of which he was the driver. On cross examination at the second trial he was asked why he had not testified the first time that he had seen the accident and he replied that he had not been questioned on the point. Thereupon the court of its own motion interposed and demanded that counsel be fair and not attempt to mislead the jury. In our opinion, the question of counsel was natural under the circumstances and the rebuke was unjust and prejudicial.

■ During the trial, defendant's counsel offered in evidence a page of the record of the first trial in order to show that counsel for the plaintiff had then made an admission from which it appeared that he then claimed that the plaintiff entered the highway as he attempted to cross it at a point different from that shown by the plaintiff's testimony at the second trial. The judge of his own motion thereupon ruled that an admission in a former trial could not be introduced, stating that he had explained a half dozen times that the record of the previous trial could be referred to only to show that a witness had then given testimony different from that offered by him at the second trial. The judge charged defendant's counsel with constant breaches of the rule, and declared that he would impose a fine upon them if the practice continued. This statement we think was improper and highly prejudicial. Even if it be conceded that the offered evidence was

inadmissible, counsel were nevertheless entitled to offer it in good faith, free from threat of punishment by the court. Actions taken by counsel during the course of trial under a mistaken view of the law do not constitute contempt of court; and a careful examination of the record convinces us that there was no such perseverance by defendant's counsel in a mistaken point of view contrary to the rulings of the court as to constitute improper conduct on their part. We are far from holding that an admission of an authorized representative of a party to a case on a prior occasion or at a prior hearing is not admissible in evidence at a subsequent hearing; but the point becomes unimportant in this case because it appeared when the discussion between court and counsel on the point was subsequently resumed in chambers, out of the presence of the jury, that there was no inconsistency between the statements made by plaintiff's counsel in the two trials. A statement to this effect was made by the judge to the jury, but the severe and unmerited rebuke to defendant's counsel was allowed to stand.

■ The physical situation under which the accident occurred, and the visibility between the approaching car and the point of collision, were not seriously disputed during the trial. But the testimony as to the manner in which the plaintiff crossed the road was the subject of much conflict, and this issue, as well as the assessment of damages suffered by the plaintiff, made a case eminently proper for the decision of a jury after the parties had been accorded a full and free opportunity to develop their opposing contentions in the examination and cross examination of witnesses and in oral argument. We are of the opinion, taking into consideration the incidents in the trial to which allusion has been made, that the defendant was denied this opportunity, and was unduly prejudiced in the presentation of his case.

■ Two questions of evidence remain to be considered. The court rejected testimony offered by the defendant to show by moving pictures how far from the point at which plaintiff entered the highway a car approaching from the east could be seen. There was no error in this ruling. Whether a physical situation can be correctly portrayed by moving pictures is a question which must be left to the sound judgment and discretion of the trial judge. State v. United Railways, 162 Md. 404, 159

A. 916, 83 A.L.R. 1307. In the pending case, the pictures offered in evidence were taken at a different season of the year from that at which the accident occurred, and the condition of the foliage upon the trees was different. See Chandler v. Russell, 164 Va. 318, 324, 180 S.E. 313. Moreover, there was already abundant evidence in the case as to the view open to the plaintiff in the direction of the approaching car when he entered the highway, and consequently, no prejudice to the defendant resulted from the exclusion of the moving pictures. 5 C.J.S., Appeal and Error, § 1749. Jones Commentaries on Evidence, Vol. 6, § 2532.

The court also ruled that the defendant could not introduce evidence that the injured man had received compensation as an employee of the State Highway Department under the terms of the Virginia Workmen's Compensation Act. Virginia Code, § 1887 (1) et seq. The defendant contended that this fact should be made known to the jury in order to show the bias of the employees of the Department who testified for the plaintiff. It was pointed out that under the statute, § 1887 (12), the making of a claim for compensation against an employer operates as an assignment to him of any right to recover damages from a third party by whose negligence the employee was injured, and in such case, the employer may enforce in his own name or in the name of the injured employee the legal liability of the third party; but any amount collected by the employer in excess of the amount paid by him as compensation, shall be held by the employer for the benefit of the employee. From these provisions it was argued that the State Highway Department had an interest in the outcome of the case which its employees would be inclined to further; and that the Act contemplated the production of evidence that compensation had been paid, since it also provided that the amount of compensation paid should not be admissible as evidence in any action brought to recover damages.

■■■■■■ We do not think that the exclusion of evidence of the amount of compensation paid was intended to authorize the fact of compensation to be put in evidence in all cases. If suit is brought in the name of the employer, as authorized by the Act, the payment of compensation would necessarily become known; but even then, the amount paid would not be provable. This limitation is in accord with the rule in Virginia and elsewhere that evidence is not admissible to show that an injured plaintiff has been compensated for his injury under an accident insurance policy, because the liability of a defendant for injuries inflicted through his negligence is not relieved or reduced by compensation paid to the injured man from a collateral and independent source. Johnson v. Kellam, 162 Va. 757, 764, 175 S.E. 634. In analogy with this rule, there is no occasion to put in evidence even the fact of compensation when suit is brought in the name of the injured employee; and it should ordinarily be excluded since it would tend to impede the injured man in the exercise of his right to receive such full compensation for his injury as a jury might award.

■■■■■■ The defendant, nevertheless, insists that he was entitled to expose the possible bias of those witnesses of the plaintiff who were employed by the Highway Department, by showing that it had a substantial interest in the outcome of the case. Generally speaking, parties to a cause have the right to show the bias and interest of the witnesses. Bath Hardwood Lumber Co. v. Back Creek Mountain Corp., 140 Va. 280, 297, 125 S.E. 213. Norfolk & Western Ry. Co. v. Poole's Adm'r, 100 Va. 148, 154, 40 S.E. 627; and this may be done by showing a variety of circumstances from which bias may be inferred, provided they are not too remote and have clearly some apparent force, as tested by experience. Wigmore on Evidence, 2d Ed. §§ 948–9. Under this rule, the fact that a witness is employed by a party to the suit is regarded as a relevant circumstance. Thus it appears that the interest of the Highway Department in this suit, derived from the payment of compensation, was a fact which was admissible for one purpose but inadmissible for another. In such a situation, the established rule is that the evidence should be accepted and the only question to be determined is what precaution should be taken to prevent, as far as possible, the misuse of the evidence. The instruction of the court, given either upon its own motion or at the request of the opposing party, suffices for this purpose. Wigmore on Evidence, 2d Ed. § 13. We should not be inclined to reverse the judgment for the mere failure of the court to admit this evidence, especially in view of the comparatively slight weight to be attributed to it as indicating bias and the great importance of protecting the plaintiff from irrelevant testimony during his effort to secure full dam-

ages for his injury; but since the judgment must be reversed, the course to be followed in the new trial has been indicated. The evidence should be admitted only for the value the jury may accord to it as showing bias on the part of the plaintiff's witnesses, and the jury should be warned that if they find for the plaintiff, he is entitled to a verdict representing full compensation for the injury sustained, without taking into consideration the fact that he has already received compensation from the State Highway Commission.

Reversed.