## ROWE v. UNITED STATES.
### No. A–8479.

District Court, Alaska,
Third Division, Anchorage.
Dec. 2, 1953.

Verne O. Martin, Anchorage, Alaska, for plaintiff.

Arthur D. Talbot, Asst. U. S. Atty., Anchorage, Alaska, for defendant.

McCARREY, District Judge.

This action is brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., and has been submitted to the Court for determination of both the factual and legal questions as orally stipulated to by counsel at the time of trial with the facts being limited to the three written statements of fact filed at the time of trial, likewise conformant to counsel's stipulation.

The Facts stipulated are:

But for the conflict as to the condition of the roads at the time of the accident and the presence of another Alaska Road Commission truck, the evidence is clear and uncontradicted. (See statement of John H. Geisler confirmed by statement of Eleanor Kerr as admitted by Bernard Simonsma.) This point, however, is not material.

Both the plaintiff, who was "hauling a load of telephone poles" as truck driver for one "Devault" and defendant employee, who was a truck driver for the Alaska Road Commission, who was "hauling a portable steam boiler in the dump bed", were travelling in the same direction, the former at the rate of "40 m. p. h." and the latter at "15 M. p. h." and he states that " * * * as I approached the turn off to ARC's Porcupine Creek Camp", when the accident in question happened.

The defendant's employee " * * * wanted to turn left into this Camp. When I looked back before turning I saw a truck and just supposed it was the other ARC truck * * * following me. This other truck was about 300 ft. behind me and dust was very heavy. When I was about tree-quarter through the turn the other truck hit the left rear corner of my truck bed and the left rear wheels. Point of impact was on the left or west half of the road. My truck then went northwest into the ditch."

"The road into Porcupine is a cut into the bank. There is no sign at the entrance and no poles, rocks or other markings to show that it is the entrance to the Camp. It is a wide cut—about 32 feet."

"I did not make a signal for a turn because I thought the following truck was the ARC truck. * * * He did not sound his horn before passing me. I heard no signal."

"I did not notice the truck again after I saw that he was 300 ft. behind me. I did not see it again until after it hit my truck."

The plaintiff employee in a written statement said that while travelling about 40 m. p. h. " * * * I came up behind ARC's dump truck. When I came up behind the dump truck it slowed. This is the regular signal for another truck to pass so I started on around the dump truck. When I was 20 to 25 feet behind the dump truck he made a sudden and sharp left turn. The front end of my truck hit the left rear corner of the dump bed and left rear wheels of the ARC truck."

"The other driver did not give any type of signal for intent to turn. He was traveling in the extreme right lane of traffic for at least 200 yards before he turned."

"Road surface was gravel and was damp due to recent rain. It was straight for 200 yards or more and slightly down grade in the direction we were traveling. There was no dust and visibility was unrestricted."

" * * * There was no sign, poles, gates or other markings at the side road where the ARC truck turned. He was turning into ARC's Porcupine Camp. This is not a regular road intersection but only a lane into Camp."

"There was no other truck between the ARC dump truck and my truck. I did not pass another truck in this vicinity."

The corroborating witness, Eleanor Kerr, deviates immaterially from the facts of the employee, John H. Geisler. There were no other witnesses.

Both parties have admitted their negligence and both assert that they have the right to recover under the principle of (1) Last Clear Chance, or (2) Proximate Cause, and written briefs were submitted to the Court accordingly.

 First, the precept of Last Clear Chance: This doctrine is very commonly regarded as essentially but an application of proximate cause. Swift & Co. v. Young, 4 Cir., 107 F.2d 170; Sprinkle v. Davis, 4 Cir., 111 F.2d 925, 128 A.L.R. 1101; Menter v. Barnes, D. C., 47 F.Supp. 932, decisions cited under 171 A.L.R. page 368. The object of the rule of Last Clear Chance is to determine the proximate cause of an injury to the plaintiff which occurred while he was in a situation which he admits was created by his failure to exercise ordinary care for his own safety, but which injury he claims would not have occurred but for the failure of the defendant to exercise ordinary care after the situation was created. Independent Lumber Co. v. Leatherwood, 102 Colo. 460, 79 P.2d 1052. And, even in jurisdictions where the Last Clear Chance has been rejected, the formula has been approved that the plaintiff may recover although negligent, if his negligence is not a proximate cause of the accident, but merely a condition of its occurrence. Sutton v. Public Service Interstate Transportation Co., 2 Cir., 157 F.2d 947. Because this is so, and because both parties have urged and argued proximate cause as a ground for recovery, this opinion is confined to consideration of proximate cause.

Conclusion:

I find that the original negligence on the part of the plaintiff had culminated in a position of peril from which he was unable to extricate himself by the performance of due care, while it was still possible for the defendant, by the exercise of such care, to have averted the accident; that the negligence of the plaintiff was not continuing and concurrent; that plaintiff's contributory negligence was, therefore, a remote rather than a proximate cause of the accident.

I further find that the plaintiff has succeeded in establishing that the subsequent negligence of the defendant operated as the proximate cause of the accident, and that the sole and proximate cause of said accident and resulting damage to the parties was the negligence of the defendant's truck driver, Bernard Simonsma, for the reason that the negligence of the defendant was an intervening and superseding cause of said accident.

In my opinion, the plaintiff is entitled to judgment against the defendant in the sum of $2,250, together with costs, interest, and attorney fees allowable under the law and in such cases provided.