**Lillian O. MEURLING, Plaintiff-Appellant,**

v.

**COUNTY TRANSPORTATION COMPANY, Defendant-Appellee.**

**No. 185, Docket 23565.**

United States Court of Appeals
Second Circuit.

Argued Jan. 10, 1956.

Decided Feb. 15, 1956.

Charles F. Dalton, Port Chester, N. Y. (H. H. Breland, New York City, of counsel), for plaintiff-appellant.

Thomas P. Hackett, New Haven, Conn. (Edwin H. Hall, New Haven, Conn., of counsel), for defendant-appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges. '

LUMBARD, Circuit Judge.

Plaintiff, appealing from a jury verdict for the defendant, was injured when thrown to the floor of the bus in which she was riding on Mills Street in East Port Chester, Connecticut. She fell when the bus stopped short to avoid a collision with a police car which had suddenly emerged from an alleyway. The only question on this appeal concerns a diagram of the scene of the accident drawn by plaintiff's counsel and identified as an accurate representation by the driver of the police car, who appeared as one of plaintiff's witnesses. No objection was made and the diagram was received as an exhibit. Later, while cross-examining the driver of the bus, plaintiff's counsel penciled in some lines on the diagram allegedly to conform to the testimony of the witness. Thereupon the trial judge ordered the exhibit stricken from the evidence because of these alterations. In connection with the incident he remarked in the presence of the jury that the exhibit was being stricken because it had been altered by counsel. After the jury was excused the judge criticized counsel for his action. In his charge, however, the trial judge carefully exculpated plaintiff's counsel of any intentional wrongdoing in the episode.

Plaintiff now claims error in that the diagram was competent evidence and should have been allowed to go to the jury; and further, that the jury was prejudiced by the court's actions and language. She contends that these errors produced a verdict against the weight of the evidence.

The admissibility of a photograph or sketch or other representation of a physical scene is within the discretion of the trial court. Kortz v. Guardian Life Ins. Co. of America, 10 Cir., 1944, 144 F.2d 676, 679, certiorari denied 1944, 323 U.S. 728, 65 S.Ct. 63, 89 L.Ed. 584; Sprinkle v. Davis, 4 Cir., 1940, 111 F.2d 925, 930, 128 A.L.R. 1101; Virginian Ry. Co. v. Armentrout, 4 Cir., 1948, 166 F.2d 400, 402, 4 A.L.R.2d 1064. We find that the trial judge here was

acting within that discretion. A diagram derives its probative value from the knowledge and veracity of the witness of whose testimony it is a part. Kortz v. Guardian Life Ins. Co. of America, supra; 9 A.L.R.2d 1044, 1046–1047. When the diagram was altered it was no longer an embodiment of the testimony of the police officer since he neither consented to the change nor identified the altered exhibit. To permit counsel, another witness, or anyone else to alter the exhibit could only tend to confusion as to who had testified to what. The bus driver, to whose testimony counsel sought to conform the exhibit, refused to testify that the diagram, even as altered, was accurate. Under these circumstances the exhibit was of doubtful evidentiary value and the judge properly excluded it. Cf. Wigmore on Evidence §§ 790, 793 (3d ed.).

In any event the exclusion of the exhibit did not so weaken the plaintiff's case as to constitute prejudicial error. Two photographs of the scene were in evidence and the drawing was merely cumulative. Sprinkle v. Davis, 4 Cir., 1940, 111 F.2d 925. Moreover, the plaintiff's counsel had ample opportunity to requalify the diagram or another one like it before the close of the evidence.

Judge Anderson's remarks in the presence of the jury were merely an explanation of what had taken place. Counsel had no right, without prior consent of opposing counsel and the judge, to alter an exhibit already in evidence. While a judge is primarily an impartial arbiter, it is also his duty to keep counsel within proper bounds. In a trial before a jury he occasionally and necessarily must instruct counsel in the presence of the jury. Counsel's action in marking the exhibit called for immediate correction from the judge. If what the judge did here, quite properly and temperately, is to constitute reversible error, then few contested trials could stand the test of review. In his charge the judge was careful to instruct the jury that counsel's modification of the exhibit was an "act of inadvertence and not done with any intention to deceive." The judge made it clear that the jury could consider the exhibit as they remembered it "as it was originally introduced in connection with any evidence to which it was connected." Thus the judge was scrupulously fair to both sides in what he did and what he said regarding the exhibit and its use as evidence. There was no prejudicial error.

There was ample evidence to support the verdict and in the absence of any error the judgment must be affirmed.