953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William COPENHAVER, Plaintiff-Appellant,
v.
RENT-A-CRANE, INCORPORATED, Defendant-Appellee.
 No. 90-3113.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1991.
Decided Jan. 16, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria, No. CA-90-13-A, Claude M. Hilton, District Judge.
 Argued: Frederic W. Schwartz, Jr., Washington, D.C., for appellant; Steven Walter Bancroft, Fairfax, Va., for appellee.
 On Brief: Ronald P. Koerner, Pittsburgh, Pa., James W. Taglieri, Stephen H. Ratliff, Cadeaux & Taglieri, Washington, D.C., for appellant.
 E.D.Va.
 REVERSED AND REMANDED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 William Copenhaver appeals the district court's directed verdict in favor of Rent-A-Crane, Inc. in this personal injury action. We reverse and remand for a new trial.
 
 I.
 
 2
 On March 27, 1989, William Copenhaver was riding north on Choptank Road in the Vista Woods subdivision of Stafford, Virginia, with his boss, Tim Hetrick, and another man. Hetrick was driving a fifty-five and one-half foot long, eight foot wide tractor-trailer. He stopped in his lane at the intersection of Choptank Road and Bertram Boulevard to let Copenhaver out at a construction site. The engine was running, the brakes were on, and the four amber brake lights on the rear of the trailer were lit. Choptank Road was only twenty-four and one-half feet wide, and Hetrick's truck occupied almost the entire northbound lane.
 
 
 3
 Copenhaver, seated on the passenger's side, took a few seconds to pick up some personal things from the dashboard before exiting. Hetrick testified that he noticed a mobile crane backing onto Choptank Road from a side street two blocks behind and told Copenhaver to hurry. The mobile crane was forty feet long and twelve feet wide.
 
 
 4
 As the crane approached from the south, Copenhaver climbed out on the passenger side and crossed the northbound lane in front of the truck. He then walked briskly at a diagonal angle through the intersection. Hetrick and the other passenger estimated that it took Copenhaver five to ten seconds to cross the intersection. Sometime during his walk across the road, the crane-truck pulled into the southbound lane in order to pass Hetrick's stopped truck. The driver of the oncoming truck neither blew his horn nor activated his turn signal. There was evidence that Copenhaver had reached a point approximately 1.3 feet beyond the traveled portion of the roadway when he was hit. His approximate position was determined by a seven-foot long streak of blood, bone and tissue, which had been his right leg.
 
 
 5
 Copenhaver filed a diversity action against the crane owner, Rent-A-Crane, Inc., and a jury trial was held. At the conclusion of Copenhaver's case-in-chief, the trial court directed a verdict for Rent-A-Crane. The court concluded that Copenhaver had notice of the vehicle approaching from behind; therefore, as a matter of law, he was contributorily negligent in crossing the intersection without looking to the left to see if the approaching vehicle would pass the tractor-trailer. This appeal followed.
 
 II.
 
 6
 The substantive laws of Virginia apply, under which contributory negligence is an affirmative defense that bars recovery. Hopson v. Goolsby, 196 Va. 832, 86 S.E.2d 149 (1955). Though the court directed a verdict on the basis of contributory negligence, it conceded that the evidence of Rent-A-Crane's negligence was sufficient to present a jury question. Therefore, the question on appeal is whether, as a matter of law, Copenhaver was contributorily negligent.
 
 
 7
 In reviewing a directed verdict, we must determine whether the evidence was sufficient for a reasonable jury to find for the party against whom the motion was made. Gunning v. Cooley, 281 U.S. 90 (1930). We must view the evidence in the light most favorable to the non-moving party. Id.
 
 III.
 
 8
 Copenhaver argues that there are several reasons why he was not, as a matter of law, contributorily negligent. Although Hetrick testified that he urged Copenhaver to hurry, his testimony does not reveal whether he actually warned Copenhaver of an approaching vehicle. Hetrick's testimony indicates merely that he urged Copenhaver to hurry because he noticed that there was an approaching vehicle. Significantly, Hetrick also testified that Copenhaver did not respond at all to his request to hurry. Moreover, the third person in the tractor testified that he did not remember hearing any warning from Hetrick. Copenhaver could not substantiate or contradict any of the eyewitness accounts because, as he testified, he had no memory of the events surrounding the accident.
 
 
 9
 Based on the evidence in the record, a jury could reasonably have inferred that Hetrick simply told Copenhaver to hurry to the job. A jury could also have inferred that Copenhaver did not comprehend what Hetrick said to him as he was exiting, considering that they were sitting in an idling tractor-trailer cab. In any event, reasonable people could disagree as to whether Copenhaver had actual notice of an approaching vehicle.
 
 
 10
 Hetrick testified further that Copenhaver was not visible to him at all times as he passed in front of the tractor. Therefore, a jury could have inferred that Copenhaver's obliviousness to his imminent peril was not a result of negligence, but a result of glancing and seeing no danger. While he was out of Hetrick's field of view, Copenhaver could have glanced to his left prior to entering the southbound lane of the intersection. If Copenhaver did glance at that time, he may not have been negligent in proceeding because his view of the northbound truck could have been blocked by Hetrick's tractor-trailer.
 
 
 11
 Finally, there was evidence that Copenhaver had crossed the entire intersection and was hit after he was beyond the throughway. This evidence raises a material issue of proximate cause. Even if Copenhaver was negligent in failing to glance to his left and crossing the intersection at an angle, a jury could reasonably have concluded that his negligence did not contribute to the accident. Sprinkle v. Davis, 104 F.2d 487, 489 (4th Cir.1939) (construing Virginia law, whether plaintiff's per se negligence proximately contributed to injury presents jury issue). If Copenhaver's negligence was not a proximate cause, it was not "contributory," and recovery would not be barred. See id. Because we believe a reasonable jury could have found that Copenhaver was not contributorily negligent, we reverse and remand for a new trial.
 
 
 12
 REVERSED AND REMANDED.