JOHN ERICKSON *vs.* F. A. ELDER and others.

December 18, 1885.

**Appeal from Order—Liability on Supersedeas Bond.**—Where an order of the district court requiring the payment of money is appealed to this court, and a stay-bond executed, conditioned under Gen. St. 1878, c. 86, § 10, "to abide and satisfy the judgment or order which the appellate court may give therein," and the order appealed from is affirmed, an action may be maintained upon the bond for the sum of money required to be paid by the order appealed from, with interest thereon.

On May 2, 1884, an order was made by the district court for Chisago county in an action therein pending, between Frank Breuer and another, plaintiffs, and S. B. Elder and others, defendants, directing C. P. Sloggy, sheriff of Clay county, to pay to the plaintiffs or their attorneys the sum of $508.83. From this order Sloggy appealed to this court, giving a *supersedeas* bond. The order was affirmed, (*Breuer* v. *Elder*, 33 Minn. 147,) and judgment for costs, amounting to $48.75, was on February 21, 1885, entered against Sloggy in this court. The order and judgment against Sloggy, and all claims against him and his sureties, were assigned to the plaintiff in this action. Sloggy having failed to perform the order appealed from or to satisfy the judgment of this court, the plaintiff brought this action in the district court for Clay county against the defendants, who are the sureties on the *supersedeas* bond.

The action was tried before *Baxter*, J., without a jury, who found, as conclusions of law from the above facts, that plaintiff was entitled to judgment for $48.75 and interest,—the costs in the supreme court, —and that the defendants are not liable for the sum which the order directed Sloggy to pay. From the judgment entered in accordance with these findings, the plaintiff appeals.

*F. D. Larrabee,* for appellant.

*Burnham, Mills & Tillotson,* for respondents.

BERRY, J. Gen. St. 1878, c. 86, § 10, provides that an appeal to this court from an order of the district court "shall stay all proceed-

ings thereon, and save all rights affected thereby," upon the execution (as directed) of a bond "conditioned to pay the costs of said appeal, and the damages sustained by the respondent in consequence thereof, if said order, or any part thereof, is affirmed, or said appeal dismissed, and abide and satisfy the judgment or order which the appellate court may give therein." As the condition thus prescribed is to pay costs and damages, *and* to abide and satisfy the judgment or order, its natural import is that to abide and satisfy the judgment or order will involve something *in addition* to the payment of costs and damages, if the judgment or order include anything more; and if this be so, the condition, in the absence of any limitation, must be a condition to abide and satisfy the judgment or order generally and as a whole. If this construction is wrong, it is not easy to attribute any sensible meaning to the statute. If the judgment or order intended be one for costs and damages only, as held by the trial judge, it would appear to have been superfluous to provide for the payment of costs and damages, and also for a judgment or order for the same, and in fact the word "order" would appear to have no effect; for costs, and such damages as might be allowed in this court, would be included, not in an order, but in a judgment.

"To abide" a judgment or order is to "perform," to "execute," "to conform to," such judgment or order. *Hodge* v. *Hodgdon*, 8 Cush. 294; 1 Abb. Law Dict. 3. So that to abide and satisfy a judgment or order is to perform, execute, conform to, and to satisfy it; that is to say, to carry it into complete effect. And in a case like this at bar, where the judgment of the appellate court is for costs, and that an order of the district court requiring the payment of money be affirmed, a condition—or, what is in substance the same thing, an undertaking—to abide and satisfy the judgment is one to perform it, to execute it, to conform to it, to satisfy it, to carry it into effect. This can mean no less than to pay the sum of money directed to be paid by the order appealed from and affirmed.

The fact would appear to be that the substance of section 10 was first introduced into our law by Laws 1861, *c.* 22. Prior to that time no stay of proceedings upon an *order* appealed from appears to have been provided for by the statute. What is now Gen. St. 1878,

*c.* 86, § 9, was then in force, but it did not provide for a stay. The evident purpose of that part of Laws 1861, *c.* 22, which relates to the matter now in hand, and of section 10, which we are now considering, was the same, viz., to provide for a stay of proceedings upon an *order* appealed from, and to assimilate the condition of the appeal-bond to that required in other cases of stay; as, for instance, by sections 11 and 12 immediately following it. The three sections (10, 11, and 12) show that the policy of our statute is to indemnify a respondent, and prevent a stay from operating to his disadvantage, by requiring security for carrying into effect the action of the appellate court with respect to appeals from orders. That policy is not peculiar to this state. Section 3186 of the Code of Iowa contains provisions to the same effect.

The judgment is reversed, and the case remanded for judgment for $508.83, the amount ordered to be paid by the district court of Chisago county, with interest from May 2, 1884, and for the further sum of $48.75, costs of this court, and interest from February 21, 1885, together, of course, with the costs of the district court in the present action.