### ÆTNA LIFE INS. CO. OF HARTFORD, CONN., v. RYAN.

(District Court, E. D. New York. August 24, 1918.)

APPEAL AND ERROR ☞461—SUPERSEDEAS—COST BOND.

    A bond given by plaintiff in error in an action at law, conditioned for payment of "all costs and damages that may be awarded against it, if it shall fail to make its plea good," unless so specified in the approval, does not operate as a supersedeas.

At Law. Action by the Ætna Life Insurance Company of Hartford, Conn., against Catherine Ryan. On motion for further bond on proceedings in error. Granted.

James B. Henney, of New York City, for plaintiff in error.
Edward H. Daly, of New York City, for defendant in error.

CHATFIELD, District Judge. The defendant appellant has presented a bond, which has been approved, to secure "all costs and damages that may be awarded against it, if it shall fail to make its plea good." This bond was intended, not only as a bond for costs, but to act as a supersedeas, and no question was raised at the time as to its form. The approval of the bond does not specify that it is to act as a supersedeas, and under the authority of Orchard v. Hughes, 68 U. S. (1 Wall.) 73, 17 L. Ed. 560, it must be treated as a bond for costs only.

In admiralty or equity, the decree rendered in the appellate court carries with it the entry of a new judgment, and the language used in

---

this bond would undoubtedly bind the assured to pay the amount of the judgment, as well as any additional damages or costs which might be awarded. But at common law, where the appeal is by writ of error, the original judgment stands, unless reversed and a new trial ordered. Thus, as stated in Orchard v. Hughes, supra, a bond for costs and damages which may be awarded on appeal, is the usual form for the cost bond, as distinguished from that intended to be a supersedeas. Bonds using this language are sometimes approved as a supersedeas, in which case they would undoubtedly be construed to cover the judgment which had already been awarded on the cause of action.

The point has, in this case, been raised by the appellee, who requests that the giving of another bond be required. This is equivalent to a waiver of the requirement that such security be given within 60 days after the entry of judgment, and would estop the appellee from seeking to issue execution.

The motion should therefore be granted.