## GEORGE C. STILES v. AMERICAN SURETY COMPANY OF NEW YORK.[1]

June 6, 1919.

No. 21,256.

**Supersedeas bond construed — principal and surety.**

A bond filed by defendant in proceedings by writ of error in review by the Supreme Court of the United States of a judgment of this court affirming a judgment of the district court, *held* to obligate defendant and his surety to pay the judgment so affirmed by this court, upon an affirmance of its judgment by the Federal Supreme Court.

Action in the district court for Hennepin county to recover $2,500 upon the bond of defendant surety company. The defense is stated in the fourth paragraph of the opinion. Plaintiff's motion for judgment on the pleadings was granted by Rockwood, J. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Stringer & Seymour,* for appellant.

*F. M. Miner,* for respondent.

BROWN, C. J.

In August, 1917, plaintiff duly recovered a judgment in the district

[1]Reported in 172 N. W. 776.

court of Hennepin county against Jacob M. Dickinson, as receiver of
the Chicago, Rock Island & Pacific Railway Company, for the sum of
$2,356.75. Defendant therein duly appealed from the judgment to
this court, where it was in all things affirmed with costs. Defendant
then sued out a writ of error for the review of the judgment of this court
by the Supreme Court of the United States, and by the order allowing
the writ was required to execute and file a bond as required by law in
the sum of $2,500, the bond when approved to act as a supersedeas. In
compliance with the order a bond in due form was executed and filed
in the office of the clerk of this court, conditioned as follows:

"Now, therefore, the condition of this obligation is such that if the
above named Jacob M. Dickinson, as receiver of the Chicago, Rock Is-
land & Pacific Railway Cmpany, shall prosecute his said writ of error to
effect and answer all costs and damages which may be adjudged if he shall
fail to make good his plea, then this obligation to be void, otherwise to
remain in full force and effect."

The cause then proceeded to the Supreme Court of the United States,
where in due course of procedure the judgment of this court so under
review was in all things affirmed.

The receiver on the remand of the cause refused to pay the judgment
of the Hennepin court, so appealed to and affirmed by this court, and
later by the Supreme Court of the United States, and plaintiff brought
this action to recover on the bond so executed and filed on the issuance
of the writ of error. Defendant, the surety in such bond, interposed
in defense that the payment of the judgment of the Hennepin court was
not within the conditions of the bond; that the judgment for costs, $25,
entered in this court in connection with the affirmance of the judgment
of the Hennepin court, was the only judgment the defendant was obli-
gated by the bond to pay, therefore that plaintiff could not recover. The
trial court rejected this defense and ordered judgment in plaintiff's
favor for the full amount of the judgment of the Hennepin court, and
defendant appealed.

The conclusion of the trial court was right and must be affirmed. The
appeal to this court from the district court, removed the action, judgment
and all, to this court for review. The judgment was affirmed by a formal
judgment of this court. The provision thereof that plaintiff have and

recover the sum of $25 costs, was but an incident of the final action of this court, and was not the essence of the decree. The writ of error was in review of the judgment affirming the Hennepin county judgment, and not the part thereof which awarded the costs of the appeal to plaintiff. The bond therefore necessarily obligated defendant to pay the principal judgment, not merely the costs. It was supersedeas in form and prevented proceedings on the judgment below. Erickson v. Elder, 34 Minn. 370, 25 N. W. 804; American Surety Co. v. Northern Packing & Prov. Co. 178 Fed. 810, 102 C. C. A. 258; Rosenstein v. Tarr, 51 Fed. 368.

Judgment affirmed.