## CARL CARLSON v. AMERICAN FIDELTY COMPANY.[1]

### May 20, 1921.

### No. 22,213.

**Workmen's Compensation Act — effect of insurer's undertaking that of supersedeas bond.**

1. In proceedings under the Workmen's Compensation Act an injured workman recovered a judgment against the insurer of his employer. A writ of certiorari was issued to review the judgment, and to obtain the writ defendant executed an undertaking conditioned as a supersedeas bond under section 8004, G. S. 1913. *Held*, that the undertaking obligated the surety for defendant to pay the judgment and not merely the costs and damages.

**Surety bound by terms of his undertaking.**

2. The fact that, by the execution of an undertaking so conditioned, the plaintiff gained an advantage to which he may not have been entitled, does not relieve the surety from the liability expressed in the undertaking. The undertaking may be enforced as a common law obligation, although its conditions are more onerous than would have been required if a statutory bond had been given to effect the same purpose.

[1]Reported in 182 N. W. 985.

**Surety liable for unpaid instalments.**

    3. The judgment was payable in weekly instalments and such instalments were paid until and after the judgment was affirmed and the case remanded to the district court. *Held*, that the surety on the undertaking nevertheless remained liable for the payment of the remainder of the judgment.

After the former appeal reported in 133 Minn. 439, 158 N. W. 700, the case was tried before Comstock, J., who denied defendant's motion for dismissal of the action and granted plaintiff's motion for a directed verdict in his favor for $1,197. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

    *Ernest E. Watson*, for appellant.

    *Ivan Bowen* and *Leroy Bowen*, for respondent.

LEES, C.

In proceedings under the Workmen's Compensation Act in the district court for Blue Earth county, plaintiff, on January 14, 1916, recovered a judgment against the Casualty Company of America, the insurer of his employer. This court entered an order granting a writ of certiorari to review the judgment, and upon such review the judgment, on July 7, 1916, was affirmed. State v. District Court of Blue Earth County, 133 Minn. 439, 158 N. W. 700. The order directed the casualty company to execute a bond in the sum of $4,000, with an approved surety, the bond to be "in the form of a supersedeas bond upon an appeal from a judgment." In compliance therewith, an undertaking was executed by the defendant in this action, running to the plaintiff, and conditioned as follows:

"If the judgment of the District Court of Blue Earth County so to be reviewed as aforesaid, or any part thereof is affirmed, that the Casualty Company of America, the defendant in said action, will pay the amount directed to be paid by the said judgment, or the part thereof which is affirmed, if it is affirmed only in part, and all damages awarded against the defendant upon the appeal, provided, however, that its liability hereunder shall not exceed the sum of four thousand ($4,000.00) dollars."

The judgment of the district court awarded plaintiff compensation for 400 weeks at the rate of $9 a week, payable weekly from and after June 2, 1915. Such compensation was paid by the casualty company for a period of 99 weeks, or from June 2, 1915, to April 25, 1917. On May 4, 1917, the casualty company became insolvent. On September 21, 1917, an execution was issued to enforce the judgment, and on the following day it was returned wholly unsatisfied. Thereafter plaintiff sued on the undertaking to recover the unpaid portion of the judgment. The defense was that payment of the compensation awarded had been made up to and after the time when this court affirmed the judgment; that defendant was not liable for the payment of compensation thereafter; and that, when the casualty company became insolvent, plaintiff's remedy was an action against his employer. In short, defendant took the position that the benefit of the judgment was not lost to plaintiff by reason of the stay which followed the issuance of the writ, but was lost by reason of the insolvency of the casualty company, which did not occur until nearly a year after the stay was vacated by the affirmance of the judgment and the remand of the case to the district court. A jury was impaneled, and, the facts above related being admitted, defendant moved for a dismissal of the action and plaintiff countered with a motion for a directed verdict in his favor. The court granted plaintiff's motion and directed the jury to return a verdict for $1,197 as compensation for 133 weeks at $9 a week. Defendant thereafter moved in the alternative for judgment notwithstanding the verdict or for a new trial, and appeals from an order denying both motions.

The statute relating to certiorari contains a section reading: "Each writ of certiorari * * * shall be endorsed by some responsible person as surety for costs." Section 8315, G. S. 1913. When there is an appeal from a money judgment, the statute directs that the appeal shall not stay execution, unless a bond is executed conditioned that if the judgment is affirmed the appellant will pay the amount directed to be paid by the judgment and all damages awarded against appellant on the appeal. Section 8004, G. S. 1913. On its face, the undertaking gave plaintiff the same security as he would have had if he had recovered an ordinary money judgment and defendant had appealed and obtained a stay of execution. It was a supersedeas bond in form, and hence, if

given effect according to its terms, it obligated defendant to pay the judgment and not merely the costs and damages. Erickson v. Elder, 34 Minn. 370, 25 N. W. 804; Stiles v. American Surety Co. of New York, 143 Minn. 21, 172 N. W. 776. Conceding that it gave plaintiff more than the statute required, the fact remains that defendant saw fit to execute it voluntarily. The event has happened which transformed defendant's conditional promise into an absolute agreement to pay. Is there any valid reason why it should not be held to stand by its undertaking?

Defendant contends that plaintiff's status is no different than it would have been if the writ had not been issued. It seems to us that is begging the question. The condition upon which the writ was obtained was that the casualty company should furnish a supersedeas bond. Defendant, presumably for a consideration paid by the company, has executed such an instrument. The mere fact that plaintiff thereby gained an advantage, to which he may not have been entitled under the terms of the statute, is not a sufficient reason for permitting defendant to escape liability.

The undertaking itself, duly executed, is prima facie evidence that it was voluntarily entered into. It was founded on a sufficient consideration, intended to serve a lawful purpose, and was certainly a valid contract at common law. The doctrine sanctioned by this court is that: "A voluntary bond, other than an official bond, based upon a valid consideration, is enforceable as a common-law bond according to its conditions, although they are more onerous than would have been required if a statutory bond had been given to effect the same purpose." Johnson v. Dun, 75 Minn. 533, 78 N. W 98; First State Bank of M. L. v. C. E. Stevens Land Co. 119 Minn. 209, 137 N. W. 1101, 43 L.R.A.(N.S.) 1040, Ann. Cas. 1914A, 1146. Illustrations of the application of the same doctrine may be found in the following cases: U. S. v. Mora, 97 U. S. 413, 24 L. ed. 1013; Ring v. Gibbs, 26 Wend. 502; Hanna v. McKenzie, 5 B. Mon. 314, 43 Am. Dec. 122; Bowen v. Lovewell, 119 Ark. 64, 177 S. W. 929.

We attach no importance to the fact that the amount awarded by the judgment was payable in weekly instalments. Under the compensation act, the judgment which is finally entered, has the same force and

effect as other judgments of the district court. Sections 8216, 8225, G. S. 1913. And see Connelly v. Carnegie D. & F. Co. 148 Minn. 333, 181 N. W. 857. The full measure of the casualty company's liability under the judgment was $3,600, and the undertaking obligated defendant for the discharge of that liability. The language of the undertaking is plain. We may look to a statute to interpret a bond which purports to be executed in compliance with the statute when its meaning is doubtful, but when there is no doubt about the meaning of the phraseology there is nothing to interpret.

The suggestion is made that the undertaking was issued in its present form by mistake, and that this court should either correct the mistake or direct the court below to do so; that the purpose for which the undertaking was given has been accomplished and defendant should be released from further liability upon it. It is doubtful whether the undertaking may be reformed or canceled for either of the reasons suggested. The question is not now before us. It can only arise in case defendant sees fit to proceed by action in the district court to obtain relief of that sort. Its amended answer alleges no facts which would furnish a basis for either reformation or cancelation.

Affirmed.