## MARTIN v. CLARKE.
### No. 6813.

Circuit Court of Appeals, Seventh Circuit.
June 27, 1939.

Rehearing Denied Aug. 9, 1939.

686

Frank R. Leonard, of Chicago, Ill., for appellant.

Joseph Rosenberg and Aaron L. Stein, both of Chicago, Ill. (Merwin S. Rosenberg, of Chicago, Ill., of counsel), for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Originally M. M. Martin, Trustee in Bankruptcy of the Estate of Power Door Company, a corporation, bankrupt, brought suit against Harley L. Clarke and obtained a judgment for $29,000. Clarke appealed from that judgment to this court, and filed in the District Court a bond for $50,000, on which Hildur F. Clarke was a surety. The judgment was affirmed, 7 Cir., 95 F.2d 26. Certiorari was denied, 304 U.S. 584, 58 S. Ct. 1059, 82 L.Ed. 1545. The judgment not having been paid, the plaintiff-appellant brought suit on the bond against defendant-appellee, Hildur F. Clarke, for the amount of the original judgment with interest and costs. Defendant-appellee answered, admitting execution and breach of the bond, but denied plaintiff-appellant was entitled to judgment for any sum beyond the court costs incurred in the previous appeal. Judgment was entered in favor of plaintiff-appellant for $10, representing the court costs in the previous appeal, and this appeal followed.

At the outset we are met with appellee's motion to dismiss this appeal because of a misstatement of the parties in the description of the judgment appealed from, that is to say, the notice of appeal erroneously described the order appealed from as an appeal from an order of October 12, 1938, wherein the court found the issues for the defendant, whereas the judgment of the court was in fact in favor of the plaintiff and against the defendant for the sum of $10 and costs of the suit. This was the only judgment entered by the trial court.

Rule 73(b) of the Supreme Court, 28 U.S.C.A. following Section 723c, provides that "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken." The object of the notice is merely to advise the opposite party that an appeal has been taken from a specific judgment in a particular case; if the notice is plain and explicit in this particular and sufficient in all other respects, it ought not to be declared ineffectual because of some slight mistake in the description of the judgment. Sections 472, 473, 3 Am.Jur. pp. 168 and 169. Courts are liberal in construing the sufficiency of a notice of appeal, and, where it appears from the notice, as in the instant case, that there is sufficient information acquainting appellee as to the judgment appealed from (the appellee not being prejudiced or misled) the mere fact that the designation of plaintiff and defendant was interchanged is no ground for dismissing the appeal. Accordingly, the motion to dismiss is overruled.

We now approach the main question as to whether the obligation of the appellee as surety was to pay the original judgment with interest and costs. It is appellee's contention that the bond was merely for costs and such damages as accrued pending the appeal and not for the amount of the judgment.

These are the pertinent facts. On June 9, 1937 appellant obtained a judgment against Harley L. Clarke for $29,000. On July 2, 1937 Clarke filed a petition for leave to appeal to this court, in which he prayed that his appeal be allowed, that an order be made fixing the amount of security to be given by him, conditioned as the law directs, and that, upon giving such bond as may be required, all further proceedings be suspended until the determination of his appeal. Thereafter, on the same day, an order was entered granting the appeal, and the District Court, to meet the requirements of Title 28 U.S.C.A. § 869, in allowing the appeal, entered an order that the bond on appeal, conditioned as required by law, be fixed at $50,000 and that said bond

687

shall operate as a supersedeas and cost bond and shall stay and suspend all further proceedings in the District Court. The appellee became surety on the bond. The condition of the bond is that the said Harley L. Clarke "shall prosecute his said appeal to effect and shall answer all damages and costs that may be awarded against him if he fail to make his plea good, then the above obligation to be void; otherwise to remain in full force and virtue." As before noted, judgment of the trial court was affirmed.

The judgment not having been paid, appellant brought this suit on the bond for the amount of the original judgment with interest and costs. On October 12, 1938 the District Court made findings of fact and conclusions of law to the effect that the bond was a bond for costs and special damages only, and did not cover the principal amount of the judgment, and, inasmuch as appellant had offered no proof of special damages, the court entered judgment in favor of appellant and against the appellee for $10, the costs incurred in connection with the appeal of Harley L. Clarke.

■ We are impelled to disagree with the trial court and to take a contrary view. While it is true that the liability of the obligor in a bond is determined by the language of the bond, the question here must be decided in connection with the terms of Sec. 869, Title 28 U.S.C.A., which provides that: "Every justice or judge signing a citation on any writ of error, shall * * * take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, * * *."

■■ The bond must be read in the light of the law, the procedure and the order which directed it to be made, and in view of the purpose to be served, United States v. Fidelity & Deposit Co. of Baltimore, Md., 9 Cir., 88 F.2d 793, 794. It is settled by a long line of cases that, where the judgment is for the recovery of money not otherwise secured and where it is stayed by a supersedeas bond, upon the affirmance of the judgment the liability of the surety becomes fixed for the full amount of the judgment stayed, with interest and costs. Catlett v. Brodie, 22 U.S. 553, 9 Wheat. 553, 6 L.Ed. 158; Jerome v. Mc-

Carter, 88 U.S. 17, 21 Wall. 17, 22 L.Ed. 515; Pease v. Rathbun-Jones Eng. Co., 243 U.S. 273, 280, 37 S.Ct. 283, 61 L.Ed. 715, Ann.Cas.1918C, 1147; Rosenstein v. Tarr, C.C., 51 F. 368, affirmed 1 Cir., 53 F. 112; Egan v. Chicago Great Western Ry. Co., C. C., 163 F. 344, 350, and Stiles v. American Surety Co., 143 Minn. 21, 172 N.W. 776.

In Wood v. Brown, 8 Cir., 104 F. 203, the court said, 104 F. at page 206: "Turning to the question of the measure of the damages for the breach of the condition of the bond, we enter upon its consideration from the established proposition that a bond which works a supersedeas, and is conditioned, as required by the Revised Statutes, to 'answer all damages and cost' resulting from the allowance of a writ of error to reverse a personal judgment for money * * * entitles the obligee to recover upon its breach not only compensatory damages for the delay arising from the stay of the execution or other process, but also the amount due him by the terms of the judgment * * *."

See also American Surety Co. v. North Packing & Provision Co., 1 Cir., 178 F. 810; Pacific Coast Casualty Co. v. Harvey, 9 Cir., 250 F. 952; Massachusetts Bonding & Ins. Co. v. Clymer Mfg. Co., 10 Cir., 48 F.2d 513.

■ But the argument is made that the appellee did not sign a bond conditioned to answer "all damages and costs." She says that the bond she signed was to answer "all damages and costs that may be awarded" and it is insisted that such a bond does not obligate the surety to pay the amount of the judgment. In support of this argument Ætna Life Insurance Co. v. Ryan, D.C., 253 F. 457 and Swan v. Hill, 155 U.S. 394, 15 S. Ct. 178, 39 L.Ed. 197, are cited. The instant case upon the record is clearly distinguishable from the cases cited by appellee, and, consequently, are without controlling or persuasive force. The Ætna case was decided upon the authority of Orchard v. Hughes, 68 U.S. 73, 1 Wall. 73, 17 L.Ed. 560. The bond in the Orchard case did not operate to stay the proceedings, as the bond was simply a bond for costs. So also in the Ætna case it was stated that the approval of the bond did not specify that the bond was to act as a supersedeas. In the instant case, the order approving the bond specified that the bond shall operate as a supersedeas bond and shall suspend all further proceedings in the District Court.

The Swan case was reversed for the reason that the alleged bond had no obligees and was not conditioned according to law.

We do not think the question raised by appellee is new. Substantially the identical argument was made in Hardesty et al. v. United States, 6 Cir., 184 F. 269. The condition of the bond being that if Hardesty and Voges "shall prosecute their writ of error to effect and shall answer all judgments, damages and costs that may be awarded against them or either of them, if they or either of them fail to make their pleas good." The ·court held the obligee was entitled to recover the amount of the fine in a proceeding on the supersedeas bond.

Likewise in United States Fidelity & Guaranty Co. v. Jones, 7 Cir., 49 F.2d 559, certiorari denied Hastings v. Jones, 275 U.S. 547, 48 S.Ct. 85, 72 L.Ed. 419, in which the bond was conditioned in the identical language as in the present case, this court said, 49 F.2d at page 561: "In the order granting the writ of error, the administrator was ordered by the court to file a supersedeas bond ·in the sum of $20,000, and the bond here sued upon was filed· on which appellant here appeared as surety. It recites the ·litigation and judgment, the condition of the obligors that the administrator 'shall prosecute said writ to effect, and shall answer for all damages and costs that may be awarded against him as administrator if he fails to make his plea good.' " And continuing, 49 F.2d at page 562:

"It is very earnestly contended that, because under· the statutes of Illinois an execution might not issue upon the judgment * * * therefore there was nothing to supersede, * * * so that the force and effect of the bond given could only have been one to pay the costs of litigation.

"If this were .true, there. would have· been no reason for giving a bond in the sum of $20,000. *. * *

. "The obligors, in executing the bond, bound themselves to nothing less than the rules required. If there could ever have been any question as to the construction, for the present purpose, of the statutory provisions, or the rules, or of a bond like this, given in compliance with them, the doubt has ·long since been settled."

The bond in question was given pursuant to and to meet the requirements of the order of the District Court, to operate as a supersedeas and cost bond, and to stay and suspend all further proceedings in the District Court.

The judgment of the District Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion. ·

Judgment reversed.