**FIDELITY & DEPOSIT CO. OF MARY-
LAND v. DAVIS.**

**No. 4914.**

Circuit Court of Appeals, Fourth Circuit.

May 1, 1942.

M. F. Trader, of Lynchburg, Va., and S. S. Lambeth, Jr., of Bedford, Va., for appellant.

Philip H. Hickson, of Lynchburg, Va., and duVal Radford, II, of Bedford, Va. (Landon Lowry, of Bedford, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a summary judgment entered by the court below in an action on a bond given to stay proceedings pending application to the Supreme Court of the United States for a writ of certiorari, which was denied by that court. Sprinkle v. Davis, 62 S.Ct. 90, 86 L.Ed. ——. The judgment was for the amount of the judgment in the suit in which proceedings were stayed with interest and costs in accordance with the terms of the bond. The defense asserted was that bond securing the judgment was erroneously required by the District Judge as a condition of the stay of proceedings, that bond should have been required only for damages and costs, that recovery under the bond given should be so limited notwithstanding its provisions, and that the damages recoverable should be limited to the damage resulting from the delay due to the stay of proceedings and should not be held to embrace the payment of the judgment stayed.

The admitted facts, upon which the summary judgment was entered, are as follows: On June 28, 1940, the plaintiff, Mose E. Davis, after two other recoveries which were reversed by this Court (see Sprinkle v. Davis, 4 Cir., 104 F.2d 487, and Id., 4 Cir., 111 F.2d 925, 128 A.L.R. 1101), recovered judgment against one Ralph Elliott Sprinkle in the court below for the sum of $8,500 damages resulting from personal injuries sustained in an automobile accident and costs. That judgment was affirmed by this Court on January 6, 1941 (Sprinkle v. Davis, 4 Cir., 115 F.2d 625), and on February 17, 1941, a petition for rehearing was denied. 117 F.2d 938.. Mandate duly issued to the court below on February 25, 1941. On May 16, Sprinkle obtained from a Justice of the Supreme Court an extension of 60 days for filing petition for certiorari, which was filed on July 14, 1941. No supersedeas bond had been given to stay proceedings for collection of the judgment pending appeal; and on June 3, 1941, plaintiff filed suit against Sprinkle and an automobile liability insurance company in an attempt to collect the judgment from the company. To stay these proceedings pending application for certiorari, Sprinkle applied to the District Court for a stay order and tendered bond conditioned to pay all damages and costs which plaintiff might sustain by reason of the stay. The court declined to accept the bond as tendered but granted the stay upon the filing of a bond containing the additional clause, "which said damages and costs shall include the principal amount of the judgment heretofore recovered as aforesaid in the sum of $8,500, together with all interest and costs which have heretofore or may hereafter accrue thereon". Sprinkle duly excepted to the refusal of the bond as tendered and to the requirement that bond securing the judgment be executed as a condition of the stay. The application for certiorari was denied; and, upon failure of Sprinkle to pay the judgment stayed, this suit was instituted for recovery on the bond.

On these facts, we think that judgment was properly entered on the bond for the amount of the judgment with interest and costs. It is true that the statute under which the bond was required, 28 U.S.C.A. § 350, provides that the bond shall be conditioned to "answer for all damages and costs which the other party may sustain by reason of the stay"; but we think it clear that, where the stay acts as a supersedeas and the judgment stayed is for the recovery of money and is not otherwise secured, the recovery under a bond so conditioned is not limited to compensatory damages arising from the stay but should embrace also the amount due by the terms of the judgment. This rule is well settled in the case of bonds given under the statute relating to writs of error and appeals. Catlett v. Brodie, 9 Wheat. 553, 554, 6 L.Ed. 158; Jerome v. McCarter, 21 Wall. 17, 29, 22 L.Ed. 515; Rosenstein v. Tarr, C.C., 51 F. 368, 370, affirmed 1 Cir., 53 F. 112; Wood v. Brown, 8 Cir. 104 F. 203, 206; Pease v. Rathbun-Jones Engineering Co., 5 Cir., 228 F. 273, 278, affirmed 243 U. S. 273, 280, 37 S.Ct. 283, 61 L.Ed. 715; Martin v. Clarke, 7 Cir., 105 F.2d 685, 124 A.L.R. 497; Louisville Trust Co. v. Nation-

al Bank of Kentucky, D.C., 3 F.Supp. 925, 926. And there is the same reason to apply it to bonds given under the statute relating to stay pending application for certiorari that exists in the case of bonds given in connection with other writs the effect of which is to stay proceedings. A writ of certiorari in a case such as this is in the nature of a writ of error. Harris v. Barber, 129 U.S. 366, 369, 9 S.Ct. 314, 32 L.Ed. 697. And a stay of proceedings pursuant to the statutory provision precludes the enforcement of the judgment as effectually as the granting of the writ.

The defendant relies upon Kountze v. Omaha Hotel Co., 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 609; but that case, when rightly understood, is authority against rather than for its position. The bond there was given in an appeal in a foreclosure suit, and the court carefully distinguished such a case from one in which judgment or decree directing the payment of money was superseded by writ of error on appeal. As said by the late Judge Walker in Pease v. Rathbun-Jones Engineering Co., supra [228 F. 278]: "The ruling made in the case of Kountze v. Omaha Hotel Co., 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 609, is not applicable here. The bond under consideration in that case was given on an appeal from an ordinary foreclosure decree. It was distinctly pointed out in the opinion rendered in that case (107 U.S. 393, 2 S.Ct. 911, 27 L.Ed. 609), that the decree appealed from was not a personal one for the debt which the mortgage secured, and that the personal liability of the debtor could have been enforced while the appeal from the foreclosure decree was pending."

If supersedeas bond had been given to stay execution pending appeal pursuant to rules 62(d) and 73(d), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it may well be that bond should have been required only to cover compensatory damages for the delay arising from the stay of execution and the costs incident upon the proceeding; but that is not the case. No supersedeas bond had been given; and the effect of the stay was to preclude the enforcement of the judgment which was not otherwise secured. As said by Judge Kerner, speaking for the Circuit Court of Appeals of the Seventh Circuit, in Martin v. Clarke, supra [105 F.2d 687, 124 A.L.R. 497]: "The bond must be read in the light of the law, the procedure and the order which directed it to be made, and

in view of the purpose to be served, United States v. Fidelity & Deposit Co. of Baltimore, Md., 9 Cir., 88 F.2d 793, 794. It is settled by a long line of cases that, where the judgment is for the recovery of money not otherwise secured and where it is stayed by a supersedeas bond, upon the affirmance of the judgment the liability of the surety becomes fixed for the full amount of the judgment stayed, with interest and costs."

▌ In the light of the authorities cited, we conclude that the court had full power to require, as a condition of the stay, that bond be given providing for the payment of the judgment; that, under the circumstances of the case before us, a bond securing damages and costs would have been construed to embrace the payment of the judgment; and that the effect of the specific language in the bond to which exception is taken was merely to make explicit what would otherwise have been implicit, under the circumstances of the case, if the precise language of the statute had been used with nothing more.

▌▌ And there is another reason why judgment on the bond as executed should be affirmed. The language of the statute, 28 U.S.C.A. § 350, does not require that the judge shall stay proceedings in every case in which application for certiorari is made and bond is tendered, but merely provides that he may do so. Whether he shall grant the stay or not is a matter resting in his sound discretion under all the circumstances of the case. Magnum Import Co. v. Coty, 262 U.S. 159, 43 S.Ct. 531, 67 L.Ed. 922; Blue Gem Dresses v. Fashion Originators Guild, 2 Cir., 116 F.2d 142; Orth v. Steger, D.C., 258 F. 625; Williams v. Keyes, 135 Fla. 769, 186 So. 250. In the exercise of that discretion he may certainly require, as a condition of the stay, the giving of a bond to secure the payment of the judgment in a case where no supersedeas bond has been given and the judgment is not otherwise secured.

▌ The position of appellant, if adopted, would result in a patent inconsistency in the law relating to supersedeas. It is admitted that, under rules 62(d) and 73(d) of the Rules of Civil Procedure, bond securing payment of a money judgment must be given, if supersedeas or stay pending appeal is desired. The contention is made, however, that where such bond is not given and the Circuit Court of Appeals

affirms the judgment, no bond providing for the payment of the judgment need be given to stay its collection pending application for certiorari. In other words, bond for the payment of the judgment can be required, as a condition of the stay of proceedings, before but not after it has been affirmed by the Circuit Court of Appeals. Certainly, no such inconsistency could have been intended either by Congress in the passage of the statute relied on or by the Supreme Court in the adoption of the Rules of Civil Procedure.

■ Complaint is made of the provision of the judgment requiring the assignment to defendant within fifteen days of the judgments of Sprinkle against the plaintiff Davis for costs on the first two appeals, as a prerequisite to the right of setoff on the part of the defendant. We think that this setoff should be allowed if the assignment is made at any time before the judgment is paid; and the judgment will be modified accordingly.

■ Motion has been made for an award of damages under our rule 20 on the ground that the appeal has been taken merely for delay. While we do not regard the questions presented as substantial, we do not feel justified in holding that the appeal has been taken merely for purposes of delay and assessing damages under the rule. We do think, however, that no further delay should be allowed to result from the appeal. Plaintiff was injured in 1937. We reversed two recoveries in his favor because of errors committed during the trial, although we held on both appeals that the evidence was sufficient to carry the case to the jury. A third recovery was obtained in 1940 and an appeal was again taken, although the only question seriously raised by it was one which we had twice decided, the sufficiency of the evidence. Upon our affirming the third judgment, the proceedings were further delayed by application for certiorari, which was not applied for until the three months period allowed by statute and a further extension of sixty days had nearly expired. When effort was made to collect on the stay bond given in connection with these proceedings, defenses were asserted of a highly technical nature and without substantial merit, as we have seen. Counsel admit at the bar of this Court that the judgment will be paid by the insurance carrier in whose service they have acted throughout the

proceedings. They have had three trials of the issues of fact. They have had nearly two years delay since the third judgment, affirmed upon appeal, was obtained. We think that the time has come for them to pay up; and, if further delay is obtained for the litigation of questions which we regard as without merit, it will not be through action on our part. The mandate of the Court will issue ten days after the entry of judgment herein and will not be further stayed.

Modified and affirmed.