**LONG v. UNION PAC. R. CO.**

No. 4697.

United States Court of Appeals
Tenth Circuit.

Aug. 25, 1953.

830

Joseph H. McDowell and Harry Miller, Jr., Kansas City, Kan., for appellant.

T. M. Lillard, O. B. Eidson, P. H. Lewis, J. W. Porter, Topeka, Kan., and N. E. Snyder, Kansas City, Kan., for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

Appellant's motion to dismiss this appeal presents the question of the sufficiency of the notice of appeal to give this court jurisdiction to review the final judgment entered in this case. The case was tried to a jury which returned a verdict for the defendant appellee. A motion for a new trial was filed and on March 6, 1952, was overruled and judgment was entered upon the verdict. On April 3, 1952, a notice of appeal was filed which read: "Notice is hereby given that Joseph Long plaintiff above named, does hereby appeal to the United States Court of Appeals for the Tenth Circuit from the ruling of the trial court in refusing to admit into evidence plaintiff's exhibit No. 3." It is conceded that the ruling of the trial court upon admission of evidence is not an appealable order, but it is contended that this notice should be construed as an appeal from the final judgment. The basis for this contention is that there was a final judgment; that the notice was timely filed after the entry of that judgment; and that the appellee could not be prejudiced by the failure of the appellant to specifically mention the judgment in the notice.

Rule 73(b) of the Rules of Civil Procedure, 28 U.S.C.A., provides that the notice of appeal shall, among other things, "designate the judgment or part thereof appealed from". This is a mandatory requirement and the jurisdiction of this court is limited to the judgment or portion thereof designated. Ford Motor Co. v. Busam Motor Sales, Inc., 6 Cir., 185 F.2d 531; French v. Jeffries, 7 Cir., 161 F.2d 97; Carter v. Powell, 5 Cir., 104 F.2d 428, certiorari denied 308 U.S. 611, 60 S.Ct. 173, 84 L.Ed. 511. The rule is designed to provide a simple and efficient method for taking an appeal and courts should be liberal in construing the sufficiency of the notice. Fahs v. Merrill, 5 Cir., 142 F.2d 651, affirmed 324 U.S. 308, 65 S.Ct. 655, 89 L.Ed. 963; Martin v. Clarke, 7 Cir., 105 F.2d 685, 124 A.L. R. 497. We cannot, however, disregard the plain requirements of the rule and read into the notice something that is not there. In plain words, the appeal is, "from the ruling of the trial court in refusing to admit into evidence the plaintiff's exhibit No. 3." There is no reference whatever to the final judgment and there is no language which could be construed as referring to a final judgment. We have jurisdiction to review only final decisions of the District Court. 28 U.S.C.A. § 1291; Kanatser v. Chrysler Corp., 10 Cir., 195 F.2d 104; Breeding Motor Freight Lines, Inc. v. Reconstruction Finance Corp., 10 Cir., 172 F. 2d 416, 425.

Appeal dismissed.