CARLOS UBIÑAS, ET UX., Plaintiffs and Appellees, v. NORBERTO MEDINA, Defendant and Appellant.

No. R-63-260.    Decided December 19, 1963.

*Marcos & Bernier* and *Omar Cancio Sifre* for appellant. *Ángel Viera Martínez* for appellees.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro-tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Appellant Norberto Medina occupied certain business premises in a property belonging to appellees under a lease contract that expired May 6, 1962. In order to comply with subdivision 7(e) of § 12-A of the Reasonable Rents Act, 17 L.P.R.A. § 193, on November 4, 1961, appellees served on Medina notice of their intention to recover the premises

because they needed to occupy them for themselves, in good faith, and, consequently, they asked him to vacate the premises at the expiration of the contract. The complaint of unlawful detainer was filed July 18, 1962. On the day set for the hearing—the following September 19—the parties stipulated that judgment granting the complaint be entered subject to the fixing of a one-year term to enforce it. The trial court thus ruled. Regarding the scope of a judgment by stipulation, see *Pérez* v. *District Court*, 70 P.R.R. 624 (1949).

Two days short of the time before ordering, pursuant to the judgment which was final and unappealable, the execution by means of the issuance of the corresponding writ of eviction, appellant Medina moved the trial court to set aside the judgment on several grounds.[1] In a lengthy and elaborate order dated October 31, the trial court denied this motion, wherefore a so-called petition for review was filed in this Court. Considering the petition as one for certiorari,[2] on November 14 we denied it, as well as a motion for reconsideration filed in connection with our order.

---

[1] The grounds alleged were the following: (a) improper conduct on the part of plaintiffs consisting in their false pretenses regarding the need to occupy the premises, which amounted to a "fraud" against the court; (b) the existence of an agreement between the parties to give defendant whatever time was necessary to solve any problems he might encounter as a result of having to move his jewelry business, regardless of the one-year term expressly stipulated and announced to the Court; and (c) lack of jurisdiction over the subject-matter consisting in the fact that the aforesaid notice that had to be given six months in advance, was given prior to the expiration of the contractual term, at a time when the lease agreement between the parties was still in effect.

Considering that the judgment involved has been *filed* over six months previously, it is clear that the alleged grounds of fraud and error or inadvertence could not be raised within the same suit by means of a motion to set aside the judgment. Rule 49.2 of the Rules of Civil Procedure of 1958; *Banco Popular* v. *Superior Court*, 82 P.R.R. 236 (1961).

[2] Inasmuch as an order entered after judgment, not a final judgment, was involved, the proper writ was certiorari. Subdivisions (b) and (e) of § 14 of the Judiciary Act, as amended by Act No. 115 of June 26, 1958. 4 L.P.R.A. § 37 (1962 Supp.).

On November 21, appellant filed a motion stating that "he has decided to file a petition for certiorari in the Honorable Supreme Court of the United States, wherefore he prays . . . that the mandate in this case be retained for a ninety-day period as provided by law to file a petition for certiorari," and he informed that he had undertaken the necessary steps for the translation of the record. He did not mention the issues he intended to bring to the attention of the Federal Supreme Court and he did not offer to post a bond in a reasonable amount to answer appellees for any damages they might suffer on account of the delay in the execution of the judgment, should it finally not prevail. Appellees objected to the petition for retention. We set a date to hear the parties.

■ 1. Review by the Federal Supreme Court of our final and unappealable judgments, either by appeal or by certiorari, is authorized by 28 U.S.C. § 1258, which reads:

"Final judgments or decrees rendered by the Supreme Court of the Commonwealth of Puerto Rico may be reviewed by the Supreme Court as follows:

"(1) By appeal, where is drawn in question the validity of a treaty or statute of the United States and the decision is against its validity.

"(2) By appeal, where is drawn in question the validity of a statute of the Commonwealth of Puerto Rico on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of its validity.

"(3) By writ of certiorari, where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of the Commonwealth of Puerto Rico is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution, treaties, or statutes of, or commission held or authority exercised under, the United States."

Subdivisions (c) and (f) of § 2101 of the Judicial Code, 28 U.S.C. § 2101, fix the term to file an appeal or a petition

for certiorari and they authorize a petition to stay the proceedings:

"(c) Any other appeal [excluding a direct appeal from any decision under sections 1252, 1253 and 2282 of Title 28, holding unconstitutional any Act of Congress and any other direct appeal to the Federal Supreme Court which is authorized by law, from a decision of a federal district court] or any writ of certiorari intended to bring any judgment or decree in a civil action, suit or proceeding before the Supreme Court for review shall be taken or applied for within ninety days after the entry of such judgment or decree. A justice of the Supreme Court, for good cause shown, may extend the time for applying for a writ of certiorari for a period not exceeding sixty days.

. . . . . . . .

"(f) In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay."

Rule 27 of the Rules of the Federal Supreme Court, 28 U.S.C. Rules (1962 Supp.), p. 20 concerning the staying of proceedings pending disposition of a petition for certiorari,[3] reads:

"Applications pursuant to 28 U.S.C.A. § 2101(f) to a justice of this court will normally not be entertained unless application for a stay has first been made to a judge of the court rendering

---

[3] To stay proceedings pending an appeal, see Rule 18 of the Rules of the Federal Supreme Court, 28 U.S.C. Rules (1962 Supp.), p. 12.

the decision sought to be reviewed, or to such court, or unless the security offered below has been disapproved by such judge or court. All such applications are governed by Rules 50 and 51."

■■ 2. We begin by pointing out that the staying of proceedings through retention of the mandate is a question that rests within our sound discretion, and that the mere presentation of a motion indicating an intention to appeal or to seek review by certiorari before the Federal Supreme Court does not *ipso jure* strip the Secretary of this Court of his obligations concerning the remission of mandates as imposed by Rule 21 of our Rules, 4 L.P.R.A. Ap. I, R. 21, p. 953.[4] *Goldsby* v. *State*, 124 So.2d 297 (Miss. 1960), *cert. denied*, 365 U.S. 861 (1961) ; *Fidelity & Deposit Co. of Maryland* v. *Davis*, 127 F.2d 780 (C.C.A. 1942) ; *State ex rel. Muslow* v. *Louisiana Oil Refining Corporation*, 177 So. 476 (La. 1938), *aff'd*, 304 U.S. 197 (1938). Stern and Gressman, in their classic book Supreme Court Practice (3d ed. 1962), hold that: "The lower tribunal's refusal to stay its own mandate, following full review of the case, is essentially an act of discretion and, like most discretionary matters, it is entitled to prima facie respect, to be set aside only if deemed clearly erroneous." (P. 426.)

■ Two main factors must be considered in deciding whether an order to retain the mandate and, hence, to stay the execution of the judgment, lies in definitive: (1) the irreparable damages that may be caused to the moving party, but the damages must be real and unavoidable, and in last analysis, they must be considered together with the public and private interests involved, including damages to the

---

[4] "(a) Ten days after notification to the parties of decision rendered in the case, the secretary shall send the mandate to the trial Court, unless its retention has been ordered or a motion for reconsideration has been filed. After a motion for reconsideration is decided, the mandate shall be sent to the trial Court three days after notification of the decision on the motion for reconsideration. . . ."

other party; (2) the probability to cause damages to the moving party is not decisive in obtaining retention of the mandate, unless the issues raised have a reasonable opportunity of being reviewed by the Federal Supreme Court, that is, they must be sufficiently important to assume that four magistrates of the Supreme Court would exercise their discretion favorably towards the issuance. Stern and Gressman, *op. cit.*, pp. 429 and 430, state that among the considerations which have been treated as relevant to the appropriateness of a stay are: (a) the importance and novelty of the issues to be raised; (b) the drastic character of the judgment below; (c) the pendency of similar issues in other cases before the Court; (d) the existence of substantial reasons to believe that factual findings concurred in by the courts below will be held to be clearly erroneous; (e) *in a state court case, the presence or absence of a federal question*; (f) an assessment of the equities involved.[5]

■■ Once the applicable law and its judicial interpretation are briefly set forth, it must be concluded that in the instant case not even the sign of an issue concerning a federal

---

[5] Rule 19(1) of the Federal Supreme Court, 28 U.S.C. Rules (1962 Supp.), p. 13, regarding the circumstances governing review by certiorari, provides that:

"1. A review on writ of certiorari is not a matter of right, but of sound judicial discretion, and will be granted only where there are special and important reasons therefor. The following, while neither controlling nor fully measuring the court's discretion, indicate the character of reasons which will be considered:

"(a) Where a state court has decided a federal question of substance not theretofore determined by this court, or has decided it in a way probably not in accord with applicable decisions of this court.

"(b) Where a court of appeals has rendered a decision in conflict with the decision of another court of appeals on the same matter; or has decided an important state or territorial question in a way in conflict with applicable state or territorial law; or has decided an important question of federal law which has not been, but should be, settled by this court; or has decided a federal question in a way in conflict with applicable decisions of this court; or has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of this court's power of supervision."

question that may reasonably be anticipated to move the discretion of at least four magistrates of the Federal Supreme Court, is raised, for during the hearing held last Monday afternoon the most that appellant was able to advance as an issue of an allegedly constitutional nature refers to the fact that notice of the intention to occupy the commercial premises was given prior to, not after, the expiration of the term of the lease contract.[6] Not even by making the greatest effort of the imagination can an issue more frivolous and devoid of merit, farthest removed from a "federal question," be conceived. *Sklaroff* v. *Stevens*, 120 A.2d 694 (R.I. 1956). On the other hand, every attendant circumstance shows that any damages he may suffer if the mandate is not retained are the result of his own obstinacy, for the term originally given him to vacate allowed him to make in time all necessary arrangements to move his business. It is simply and clearly an additional effort through the use of judicial proceedings to delay the execution of the judgment to which he had expressly agreed. The aid of the discretion of this Court may not be invoked for that purpose. *Cf. Fournier* v. *Warden*, 80 P.R.R. 341 (1958). Orderly and expeditious litigation proceedings demand that we do not agree to the retention of the mandate.

The motion for the retention of the mandate is denied and the Secretary shall comply with the applicable provisions of our Rules.

---

[6] This issue is disposed of against appellant in our decision in *Pérez* v. *District Court, supra*; and *Fajardo* v. *District Court*, 69 P.R.R. 441 (1949).