841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Irving J. ADLEY, III, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-3901.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1988.
 
 Before KEITH, BOYCE F. MARTIN Jr., and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals from an order entering summary judgment for the defendant in this action for Social Security disability benefits. The Secretary now moves to dismiss this appeal on grounds that the plaintiff failed to file a timely objection to the Magistrate's report and recommendation. The plaintiff has responded in opposition to the motion.
 
 
 2
 The Magistrate filed a report and recommendation (R & R) on April 13, 1987, recommending that summary judgment be granted for the Secretary, thus affirming the Secretary's denial of benefits. A copy of the R & R was mailed to plaintiff's local counsel on April 13, 1987. By order entered April 30, 1987, the district court adopted the Magistrate's R & R and entered summary judgment for the Secretary. On May 4, 1987, the plaintiff's primary counsel filed objections to the R & R. The plaintiff moved on May 26, 1987 to vacate the entry of judgment, and on May 29, 1987, filed a notice of appeal (87-3516) from the April 30, 1987 order. Appeal 87-3516 was dismissed by this Court on November 11, 1987 for failure to file timely objections to the Magistrate's R & R.
 
 
 3
 Meanwhile, on August 31, 1987, the district court denied the plaintiff's motion to vacate pursuant to both Rule 59(e) and Rule 60(b), Fed.R.Civ.P. The district court denied the motion under Rule 59(e) on grounds it was not timely filed. The court also considered the motion under Rule 60(b) and denied it on the merits. On September 24, 1987, the plaintiff filed a second notice of appeal (87-3901). This second notice of appeal is identical to the notice of appeal filed in appeal 87-3516 and states that appeal is taken from the April 30, 1987 order entering summary judgment for the Secretary. The Secretary now moves to dismiss this appeal based upon plaintiff's failure to timely object to the Magistrate's report.
 
 
 4
 Rule 4(a)(1), Fed.R.App.P., provides that a notice of appeal shall be filed within thirty (30) days of the "date of entry of the judgment ... appealed from." Compliance with Rule 4(a) is mandatory and jurisdictional. Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 264 (1978). A motion to alter or amend the judgment under Rule 59(e), Fed.R.Civ.P., tolls the time for appeal if it is served not "later than ten (10) days after entry of the judgment." Rule 4(a)(4), Fed.R.App.P.; Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). A post-judgment motion filed more than ten (10) days after entry of judgment may be construed as a motion for relief under Rule 60(b), Fed.R.Civ.P., and does not toll the running of time to appeal under 4(a). Peake, 717 F.2d at 1019. However, the ruling on a Rule 60(b) motion is appealable in and of itself upon the filing of a timely notice of appeal. Browder, 434 U.S. at 264 n. 7; Peake, 717 F.2d at 1020. An appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for consideration, and the denial may be reviewed only for abuse of discretion. Browder, 434 U.S. at 264 n. 7; Peake, 717 F.2d at 1020.
 
 
 5
 In this case, the plaintiff's motion to vacate was filed twenty-six (26) days after entry of judgment. Therefore, it did not toll the running of time for appeal from the April 30, 1987 judgment pursuant to Rule 59(e). Accordingly, the notice of appeal filed September 24, 1987 from the April 30, 1987 judgment does not confer jurisdiction upon this Court. It is noted that the order denying Rule 60(b) relief could have been appealed separately. Browder, 434 U.S. at 263 n. 7; Peake, 717 F.2d at 1020. Such an appeal, however, was not taken by the plaintiff. The notice of appeal, although filed subsequent to the order denying Rule 60(b) relief, specifically states that appeal is taken from the April 30, 1987 order entering summary judgment.
 
 
 6
 Rule 3(c), Fed.R.App.P., provides that the notice of appeal "shall designate the judgment, order, or part thereof appealed from." The technical requirements of Rule 3(c) are liberally construed and are satisfied by any statement clearly evincing the party's intent to appeal. United States v. Willis, 804 F.2d 961 (6th Cir.1986); McMillan v. Barksdale, 823 F.2d 981 (6th Cir.1986); see Foman v. Davis, 371 U.S. 178 (1963). A mistake in designating the judgment appealed from is not always fatal so long as the intent to appeal from a specific ruling can be fairly inferred by probing the notice. Sanabria v. United States, 437 U.S. 54, 67 n. 21 (1978). However, although notices of appeal are liberally construed to avoid denying review of issues the parties clearly intended to appeal, a Court may not "disregard the plain requirements of the rule and read into the notice something that is not there." Averitt v. Southland Motor Inn of Oklahoma, 720 F.2d 1178, 1180-81 (10th Cir.1983), quoting Long v. Union Pacific Railroad Co., 206 F.2d 829, 830 (10th Cir.1953).
 
 
 7
 In this case, the plaintiff's notice of appeal states with specificity that appeal is taken from the April 30, 1987 order. Nowhere in the pleadings or in any document filed in this case does the plaintiff infer that he, in fact, wishes to appeal from the August 31, 1987 denial of the motion to vacate. A review of the briefs submitted in this appeal shows that the only issues raised go to the April 30, 1987 judgment entered for the Secretary. No arguments concerning the motion to vacate are presented. In fact, the arguments briefed by plaintiff's counsel are verbatim the arguments previously set forth in appeal 87-3516. Moreover, plaintiff's memoranda in opposition to this motion to dismiss similarly focuses soley on issues presented by the Magistrate's report and the April 30, 1987 order. Accordingly,
 
 
 8
 It is ORDERED that the motion to dismiss is granted on grounds that the notice of appeal does not confer jurisdiction on this Court either from the underlying judgment or from the denial of plaintiff's motion to vacate.